STATE OF NORTH CAROLINA v. CALVIN LEVERN MARTIN

No. 8314SC576

(Filed 1 May 1984)

1. **Constitutional Law § 48— failure to raise insanity defense—no denial of effective assistance of counsel**

A defendant convicted of second-degree murder was not denied the effective assistance of counsel by the failure of his counsel to investigate and assert the defense of insanity where the record showed only that a psychiatrist who determined defendant's competency to stand trial reported that defendant was

uncommunicative and reluctant to trust others, that defendant claimed not to recall the shooting and to occasionally suffer from hallucinations, and that no conditions which usually accompany hallucinations were found, and where defendant failed to show that an insanity defense could have been supported at trial.

**2. Criminal Law § 138— aggravating factor—lesser sentence would depreciate seriousness of crime**

The trial court erred in finding as an aggravating factor that a lesser sentence would depreciate the seriousness of the crime committed.

**3. Criminal Law § 138— acknowledgment of wrongdoing mitigating circumstance**

The trial court erred in failing to find as a mitigating factor that defendant voluntarily acknowledged wrongdoing prior to arrest where the State's own evidence showed that defendant told the police immediately upon their arrival at the scene that he had shot his wife and then shot himself. G.S. 15A-1340.4(a)(2)(1).

**4. Criminal Law § 138— extenuating relationship mitigating factor**

The trial court did not err in failing to find as a mitigating factor for second-degree murder that the relationship between defendant and the victim was extenuating where the evidence showed only that defendant and the victim were separated and the victim had custody of their child. G.S. 15A-1340.4(a)(2)(i).

APPEAL by defendant from *Herring, Judge.* Judgment entered 5 November 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 January 1984.

Defendant was found guilty of second degree murder. Before trial, pursuant to his own motion, defendant's competency to stand trial was determined under G.S. 15A-1002. He spent several days at Dorothea Dix Hospital in Raleigh, where he was examined several times by a forensic psychiatrist, who reported that no active psychosis was indicated. The psychiatrist also reported, however, that Martin was uncommunicative and reluctant to trust others and questioned his ability or willingness to effectively communicate with counsel during the prolonged period required to prepare and try the case. Martin's mental condition at the time of the offense was not inquired into, nor was any request therefor made by counsel, though defendant claimed not to recall the shooting and to occasionally suffer from hallucinations. As to the claimed amnesia, the psychiatrist expressed no opinion, saying it is a condition that is very difficult to either verify or disprove, but as to the hallucinations, he reported that no conditions that usually accompany hallucinations were found.

At trial, the State's evidence tended to show that: Defendant was separated from his wife, who had custody of their child. While visiting his grandmother, who regularly cared for the child while his wife worked, his wife entered the house to pick up the child and defendant, without saying a word, shot and killed her; shortly thereafter, defendant shot and wounded himself.

Defendant offered no evidence at trial, but did during the sentencing hearing. The judge found aggravating and mitigating factors, that the aggravating factors outweighed the mitigating factors, and sentenced defendant to fifty years in prison, whereas the presumptive term is fifteen years.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant's only contention in regard to his conviction is that he had ineffective assistance of counsel and is therefore entitled to a new trial. This contention is based on counsel's failure to investigate and develop the defense of insanity. In our system of jurisprudence it is fundamental that: Those charged with crime have a right to counsel, which means effective counsel; a lawyer defending one charged with homicide has a duty, subject to the client's approval, to raise any defense that is reasonably supportable, which does not conflict with another defense; and a failure to perform that duty deprives the client of the effective assistance of counsel. In this case, so far as the record reveals, the only defense that was possibly available to defendant was insanity and counsel neither developed nor asserted it. That it was the only defense available to defendant does not mean, however, that counsel was necessarily obligated to develop and assert it. No lawyer has a duty to raise an insupportable defense and no defendant can be prejudiced by such a defense not being raised. The pivotal question, therefore, is whether a supportable insanity defense could have been developed in this case.

A defense of not guilty by reason of insanity is not easy to establish under our law. A showing that a defendant is uncom-

municative or suspicious or even cruel and violent is not suffi-
cient. As was stated in *State v. Jones*, 293 N.C. 413, 425, 238 S.E.
2d 482, 490 (1977):

> [T]he test of insanity as a defense to a criminal charge is
> whether the accused, at the time of the alleged act, was la-
> boring under such a defect of reason, from disease or defi-
> ciency of the mind, as to be incapable of knowing the nature
> and quality of the act, or, if he does know this, was, by rea-
> son of such defect of reason, incapable of distinguishing be-
> tween right and wrong in relation to such act.

The burden of showing that this defense could probably have
been established by counsel, had he pursued it, reposed on the
defendant. *McMann v. Richardson*, 397 U.S. 759, 25 L.Ed. 2d 763,
90 S.Ct. 1441 (1970). And, as has been pointed out, it is a very
stringent burden indeed. *State v. Vickers*, 306 N.C. 90, 291 S.E.
2d 599 (1982).

　　Though defendant strenuously argues that another psychia-
trist might have supported an insanity defense, if counsel had had
him examined for that purpose, nothing in the record justifies us
in so concluding. That he was uncommunicative and suspicious
and committed a cruel, heartless and seemingly senseless crime is
but background and does not begin to show that he was laboring
under a defect of reason that rendered him incapable of knowing
the nature and quality of his act. Since the existence of such men-
tal defect is not supported by the record, we necessarily conclude
that defendant has failed to show that his counsel was derelict in
not pursuing this defense.

[2-4] But because of errors committed in the sentencing process,
defendant must be resentenced. One error was in finding as an
aggravating factor that "a lesser sentence will depreciate the
seriousness of the crime committed." *State v. Chatman*, 308 N.C.
169, 301 S.E. 2d 71 (1983). Another error was in failing to find as a
mitigating factor that defendant voluntarily acknowledged wrong-
doing prior to arrest. G.S. 15A-1340.4(a)(2)(l). The State's own
uncontradicted evidence was that defendant told the police im-
mediately upon their arrival at the scene: "I shot my wife and
then shot myself." Under the circumstances, therefore, the judge
was obliged to find this statutorily approved mitigating factor.
*State v. Graham*, 309 N.C. 587, 308 S.E. 2d 311 (1983). But the

judge's refusal to find as a mitigating factor that the relationship between the defendant and the victim was extenuating, as permitted by G.S. 15A-1340.4(a)(2)(i), was not error. So far as we can tell, the only aspects of defendant's relationship to his victim that could possibly be extenuating were that he was married to her and she had borne him a child. The evidence showed that he had neglected and abused her for years and shot her with no provocation whatever. The statute reads as follows:

> i. The defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating.

In enacting it, the Legislature apparently had in mind circumstances that morally shift part of the fault for a crime from the criminal to the victim; certainly, it was not their purpose to make homicides of spouses or relatives, however senseless and unprovoked, less deserving of punishment than those of others. Because of the errors discussed, however, defendant is entitled to a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

The defendant's conviction is affirmed and the matter is remanded for resentencing.

Affirmed and remanded.

Judges ARNOLD and JOHNSON concur.