STATE OF NORTH CAROLINA v. MICHAEL DOCKERY

No. 8520SC624

(Filed 3 December 1985)

**Constitutional Law § 48— effective assistance of counsel—failure to adequately present a defense—no error**

    Defendant was not denied the effective assistance of counsel in a prosecution for larceny of a firearm where defendant claimed that his counsel failed to subject the State's case to a meaningful adversarial testing and that he failed to present defendant's claimed alibi defense adequately. There was a lack of evidence before the Court of Appeals showing that a credible alibi defense could have been developed by a defense attorney acting in a reasonably competent manner; moreover, the accepted practice is to raise claims of ineffective assistance of counsel in post-conviction hearings rather than on direct appeal. Sixth Amendment to the United States Constitution, Art. I, § 23 of the North Carolina Constitution.

APPEAL by defendant from *Helms, Judge.* Judgment entered 30 October 1984 in Superior Court, MOORE County. Heard in the Court of Appeals 29 October 1985.

Defendant was charged in a proper bill of indictment with larceny of a firearm. He was convicted after a jury trial and sentenced to five years imprisonment. Defendant appeals.

*Attorney General Thornburg by Associate Attorney General, D. David Steinbock, Jr., for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Louis D. Bilionis, for defendant appellant.*

PARKER, Judge.

Defendant's only assignment of error is that he was denied the effective assistance of counsel guaranteed to all criminal defendants by the Sixth Amendment to the Federal Constitution and Article 1, Section 23 of our State Constitution. The standard for evaluating the effectiveness of appointed counsel in a criminal trial is that of "reasonably effective assistance." *Strickland v. Washington*, --- U.S. ---, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); *State v. Vickers*, 306 N.C. 90, 291 S.E. 2d 599 (1982). In *Strickland*, the United States Supreme Court, for the first time, elaborated on the meaning of the constitutional requirement of effective assistance. Justice O'Connor, writing for the Court, said that the focus of any inquiry into attorney effectiveness must be on the trial, as the purpose of requiring effective assistance of counsel is to ensure a fair trial. *Strickland* at ---, 104 S.Ct. at 2064, 80 L.Ed. 2d at 692. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* The test under the State Constitution for evaluating the effectiveness of counsel is identical. *State v. Braswell*, 312 N.C. 553, 324 S.E. 2d 241 (1985). The duties of an attorney representing a criminal defendant include the duty of loyalty, a duty to advocate the defendant's cause and duties to consult with the client, investigate the client's case and keep the client informed. *See* ABA Standards for Criminal Justice 4-1.10-4-8.6 (2d ed. 1980). However, a breach of one of these duties does not automatically require reversal of a defendant's conviction. The defendant must also demonstrate that the professionally unreasonable conduct of his counsel resulted in prejudice to the defendant. *Strickland* at ---, 104 S.Ct. at 2067, 80 L.Ed. 2d at 696.

In this case, defendant claims counsel was ineffective in that, first, he failed to subject the State's case to "meaningful adver-

sarial testing," and, second, that he failed to present defendant's claimed alibi defense adequately. Both contentions revolve around defendant's claim that he was elsewhere on the night of the larceny and that the complainant had a motive in bringing a false charge against defendant.

In bringing an ineffective assistance claim based on the failure to adequately present a defense, the central question is whether a supportable defense could have been developed. *State v. Martin*, 68 N.C. App. 272, 314 S.E. 2d 805 (1984). The burden of showing the probability that this defense existed is on the defendant. *Id. See also McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970). We have no evidence before us, other than what occurred at trial and defendant's bare assertions in his brief, which shows that a credible alibi defense could have been developed by a defense attorney acting in a reasonably competent manner. The U.S. Supreme Court in *Strickland* carefully observed that the two prongs of an ineffective assistance claim (attorney error and prejudice) need not be considered in any particular order. In fact, the Court intimated that disposing of an ineffective assistance claim on the ground of lack of sufficient prejudice, if possible, is preferable. "The object of an ineffectiveness claim is not to grade counsel's performance." *Strickland* at - - -, 104 S.Ct. at 2070, 80 L.Ed. 2d at 699. Because of the lack of any evidence available to us concerning the validity of defendant's alibi defense, we cannot say that defendant suffered any prejudice as a result of his attorney's failure to present it effectively to the jury.

The accepted practice is to raise claims of ineffective assistance of counsel in post-conviction proceedings, rather than direct appeal. *E.g., State v. Vickers*, 306 N.C. 90, 291 S.E. 2d 599 (1982). While there are exceptions, *see United States v. Cronic*, - - - U.S. - - -, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984); *State v. McEntire*, 71 N.C. App. 721, 323 S.E. 2d 439 (1984), this case is not one of them. In order to evaluate whatever prejudice to defendant resulted from his counsel's errors, evidence needs to be presented at a post-conviction hearing as to the viability of defendant's alibi claim. *See State v. Kinch*, 314 N.C. 99, 106, 331 S.E. 2d 665, 669 (1985). As the record appears on this direct appeal, we are constrained to find

No error.

Judges ARNOLD and WELLS concur.