STATE OF NORTH CAROLINA v. MASON BRASWELL

No. 8529SC366

(Filed 17 December 1985)

**1. Constitutional Law § 45— right to appear pro se—motion not timely**

Defendant's motion to dismiss counsel and to be allowed to proceed *pro se* was not timely made where defendant's resentencing hearing was scheduled for 20 July 1984; at that hearing the State was granted a continuance; the resentencing hearing was continued to 24 September 1984; at that hearing defendant requested that his attorney be discharged and that the hearing be continued so that he could prepare himself to proceed *pro se*; and defendant had ample time and opportunity prior to 26 September 1984 to request discharge of counsel and to be allowed to proceed *pro se.*

**2. Criminal Law § 138.6— assault with deadly weapon—sentence—defendant acting under provocation—no evidence of mitigating factor**

The trial court in a sentencing hearing did not err by failing to find as a mitigating factor that defendant acted under strong provocation where the

evidence tended to show that during a campfire birthday party the intoxicated victim twice tripped over defendant's girlfriend, and defendant either pulled a gun out and shot the victim or was beating the victim with a gun when it discharged, but there was no evidence that the victim challenged or threatened defendant.

APPEAL by defendant from *Owens, Judge.* Judgment entered 4 October 1984 in Superior Court, HENDERSON County. Heard in the Court of Appeals 17 October 1985.

This is the second appeal of this case to this Court. In the first appeal, *State v. Braswell,* 67 N.C. App. 609, 313 S.E. 2d 216 (1984), the Court found no error in the trial in which defendant was convicted of assault with a deadly weapon inflicting serious injury. However, the Court remanded the case for a new sentencing hearing because of error the trial judge made in the application of factors it found in aggravation. At the resentencing hearing the trial judge again found a factor in aggravation and that the factor in aggravation outweighed any factor in mitigation. The court imposed a sentence greater than the presumptive term. From the imposition of sentence defendant has perfected this appeal.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Kathryn L. Jones, for the State.*

*Appellate Defender Adam Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

JOHNSON, Judge.

Defendant brings forward two assignments of error: (1) that the trial court erred in the denial of his motion to dismiss his court appointed counsel and to allow him to proceed *pro se*; (2) that the trial court erred in failing to find a statutory mitigating factor that defendant contends was supported by a preponderance of the evidence.

[1] The Sixth Amendment of the United States Constitution prohibits the State from forcing counsel on an unwilling criminal defendant who asserts his right to proceed *pro se* in a criminal trial. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975); *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667 (1965). This right also extends to sentencing proceedings. *See McConnell*

*v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed. 2d 2 (1968); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967). However, this right must be timely asserted. *See United States v. Dunlap*, 577 F. 2d 867 (4th Cir.), *cert. denied*, 39 U.S. 858, 99 S.Ct. 174, 58 L.Ed. 2d 166 (1978).

In the instant case defendant's motion to dismiss counsel and to be allowed to proceed *pro se* was not timely made. The resentencing hearing was scheduled for 20 July 1984. It is not clear from the record or transcript exactly when counsel was appointed to represent defendant except that counsel was assigned sometime between the date the case was remanded from this court and the scheduled 20 July 1984 sentencing hearing. At the 20 July hearing all parties were present and ready to proceed. The State sought to prove defendant's prior convictions as a factor in aggravation by offering into evidence record of defendant's alleged prior convictions. The documents were not certified and did not show whether defendant was represented or waived counsel at the time of the convictions. Defendant objected to the introduction of these documents on the grounds that he did not waive counsel, was not represented by counsel, and was indigent with respect to any prior convictions. The court treated defendant's objection as a motion to suppress under G.S. 15A-980. Thereupon, the State's motion for a continuance pursuant to G.S. 15A-1340(e) was granted. The resentencing hearing was continued to 24 September 1984.

On 26 September 1984 the case was again brought before the court for resentencing. All parties appeared. At this hearing defendant requested (1) that his attorney be discharged and (2) that the hearing be continued so that defendant could go through the transcript and prepare himself to proceed *pro se*. As grounds to discharge counsel, defendant stated that his attorney had not communicated with him since 20 July 1984. The court denied both motions and proceeded with the hearing.

The transcript clearly shows that defendant had ample time and opportunity prior to 26 September 1984 to request discharge of counsel and to be allowed to proceed *pro se*. There is no evidence that there was any disagreement between defendant and counsel, that counsel was not prepared to proceed with the hearing, or that there was any great need for additional communica-

tion between defendant and counsel between 20 July and 26 September 1984. Defendant and his counsel were well aware since 20 July 1984 that the State would be seeking to prove prior convictions as a factor in aggravation. Also, on 20 July and 26 September 1984 the State had a witness present to testify at the sentencing hearing. In light of defendant's statement that he would need time to prepare to proceed *pro se*, it would appear that if the court allowed defendant to proceed *pro se*, another continuance of the rehearing would have been necessary. Considering the timing of defendant's motion to discharge counsel, together with defendant's request for a continuance to allow defendant time to prepare to proceed *pro se*, we find that defendant did not timely assert his right to proceed *pro se*. This assignment of error is without merit.

[2] Defendant's final argument is that the trial court erred by failing to find as a statutory mitigating factor that he acted under strong provocation. We disagree.

Defendant's burden to establish this mitigating factor is analogous to that of a party with the burden of persuasion seeking a directed verdict. *See State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983).

> [D]efendant bears the burden of persuasion on mitigating factors if he seeks a term less than the presumptive. Thus when a defendant argues as in the case at bar that the trial court erred in failing to find a mitigating factor proved by uncontradicted evidence, his position is analogous to that of a party with the burden of persuasion seeking a directed verdict.

*Id.* at 219, 306 S.E. 2d at 455.

G.S. 15A-1340.4(a)(2)(i) provides that an offense must be mitigated if "defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating." We hold that the trial court was correct in not finding that defendant acted under strong provocation.

In the case *sub judice* the evidence tended to show that during a campfire birthday party the victim, while intoxicated tripped over defendant's girlfriend. Friends of the victim were attempting to help the victim walk but were unable to do so. When they went to get help the victim tripped over defendant's girl-

friend again. Defendant either pulled a gun out and shot the victim or was beating the victim with a gun. The victim was shot in the head and suffered paralysis from the neck down.

Defendant contends that the legislature intended G.S. 15A-1340.4(a)(2)(i) to be applicable in a case where defendant's illegal conduct is a result of emotions provoked by the victim. We find no authority to support such a proposition. It is true that the legislature "had in mind circumstances that morally shift part of the fault for the crime from the criminal to the victim." *State v. Martin*, 68 N.C. App. 272, 276, 314 S.E. 2d 805, 807 (1984). This Court has construed the meaning of the statute to require "a showing of a threat or challenge by the victim to the defendant." *State v. Puckett*, 66 N.C. App. 600, 606, 312 S.E. 2d 207, 211 (1984).

In the case *sub judice* defendant has failed to carry his burden to prove by uncontradicted evidence that he was strongly provoked. There is no evidence that the victim challenged or threatened him.

Affirmed.

Judges WEBB and PHILLIPS concur.