STATE OF NORTH CAROLINA
v.
ERVIN SHERROD POLLARD.
No. COA06-721
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Sueanna P. Sumpter, for the State.
Jeffrey Evan Noecker, for defendant-appellant.
TYSON, Judge.
Ervin Sherrod Pollard ("defendant") appeals from judgment entered after a jury found him to be guilty of felonious possession of cocaine and after he had entered a guilty plea to having attained the status of being an habitual felon. We find no error.

I. Background

A. State's Evidence
On 2 December 2003 at approximately 11:30 p.m., Pitt County Sheriff's Department Sergeant Vance Head ("Sergeant Head") was driving home from his shift when he observed defendant driving a minivan. Sergeant Head knew outstanding felony arrest warrants had been issued charging defendant with "the sell of cocaine." Sergeant Head called for backup. Defendant turned into a Taco Bell parking lot and drove to the drive-through window. Sergeant Head stopped his truck in front of and perpendicular to defendant's vehicle and activated his blue lights. Deputy Daughtry drove his vehicle behind defendant's vehicle, blocked defendant's vehicle, and activated his blue lights.
Sergeant Head approached the passenger side of defendant's vehicle and told him to exit the vehicle. Defendant complied. Sergeant Head handcuffed defendant, patted him down for weapons, and escorted him to his truck. Defendant sat down in the passenger seat of Sergeant Head's truck. Sergeant Head looked down and saw a small, clear, plastic bag located on the pavement by his truck door. The bag contained crack cocaine packaged in four smaller green bags. Sergeant Head testified he did not see or hear the bag fall to the ground. Defendant denied being in possession of the bag.
Latisha Barfield, a Taco Bell employee and defendant's friend, testified she had just swept the Taco Bell parking lot, and the clear, plastic bag was not present in the parking lot. Sergeant Head testified nothing fell out of his truck when he opened the passenger side door.
Sergeant Head drove defendant to the magistrate's office. During the drive, Sergeant Head informed defendant of his Miranda rights. Defendant stated he understood his rights. Sergeant Head and defendant discussed the bag found on the ground. Defendant initially denied ownership of the bag. Sergeant Head stated the bag contained two smaller bags, and defendant corrected him and stated it contained four smaller bags.
At the magistrate's office, defendant asked whether he could assist law enforcement officers, and whether they were building a case against someone else. Sergeant Head said he would accept any information about a drug dealer, but added they did not target a particular individual.
At approximately 12:45 a.m. the night of the arrest, defendant gave Sergeant Head a written statement wherein he admitted ownership of the cocaine found in the parking lot of Taco Bell. Sergeant Head testified defendant gave the statement voluntarily and agreed to write it down. Defendant wrote and signed the statement as follows, "[W]hen I got out of the van, the dope fell out of it, and it was mine. I take full responsibility of it."

B. Defendant's Evidence
Defendant testified at trial and corroborated most of the State's evidence, except he denied being in possession of the bag. Defendant admitted he wrote and signed his confession, but explained he wrote and signed the statement to take responsibility for any other contraband found in and around his vehicle, not the bag actually found and its contents. He stated he gave the written statement to Sergeant Head because he was afraid Sergeant Head would harass his brother. Defendant testified Sergeant Head told him that if he would "do something" for him, then he would "do something" in return. On 14 February 2005, a grand jury indicted defendant on one count of possession with intent to sell and deliver cocaine, one count of possession of drug paraphernalia, and attaining the status of an habitual felon. The jury found defendant to be guilty of the lesser included offense of felonious possession of cocaine. On 19 January 2006, defendant pled guilty to having attained the status of being an habitual felon. The trial court sentenced defendant to an active term of 133 months minimum to 169 months maximum. Defendant appeals.

II. Issues
Defendant argues the trial court erred by: (1) allowing the State to introduce his hand-written signed admission; (2) failing to grant his motion to dismiss the possession of cocaine charge; and (3) admitting his prior conviction that was older than ten years. Defendant also contends his constitutional rights were violated by the ineffective assistance of counsel.

III. Defendant's Admission
Defendant argues the trial court improperly allowed the State to introduce his hand-written signed admission. We disagree.

A. Standard of Review
Defendant failed to object to the introduction of his hand-written signed admission. Our review is limited to plain error. N.C.R. App. P. 10(b)(2) (2006); State v. Allen, 339 N.C. 545, 554-56, 453 S.E.2d 150, 154-55 (1995), overruled on other grounds by, State v. Gaines, 345 N.C. 647, 483 S.E.2d 396 (1997). Plain error is: fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.
State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (internal quotations omitted). To be awarded a new trial due to plain error, a defendant must show the error complained of was so fundamental that a different result would have probably occurred without the error. State v. Parker, 350 N.C. 411, 444, 516 S.E.2d 106, 127 (1999), cert. denied, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000).

B. Analysis
Defendant argues for the first time on appeal that law enforcement officers coerced his written statement. The North Carolina rule and the Federal rule are identical to determine the admissibility of a confession. The totality of the circumstances are reviewed to determine whether the confession was voluntary. Schneckloth v. Bustamonte, 412 U.S. 218, 223, 36 L. Ed. 2d 854, 860 (1973);State v. Schneider, 306 N.C. 351, 355, 293 S.E.2d 157, 160 (1982).
At 12:45 a.m., approximately one and one-half hour after Sergeant Head approached defendant at Taco Bell, defendant hand wrote and signed a statement that, "[w]hen I got out of the van,the dope fell out of it, and it was mine. I take full responsibility of it." Defendant wrote and signed this statement at the magistrate's office after Sergeant Head advised him of his Miranda rights. Defendant admitted at trial he wrote and signed this statement.
Defendant failed to show his signed admission was not obtained voluntarily. Under plain error review in light of the other evidence presented, defendant failed to show a different outcome would have probably occurred, if his hand-written signed admission had not been allowed into evidence. This assignment of error is overruled.

IV. Defendant's Motion to Dismiss
Defendant argues the trial court should have granted his motion to dismiss the possession of cocaine charge. We disagree.

A. Standard of Review
The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.
State v. Wood, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal quotations omitted). "When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense." State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982).

B. Analysis
Defendant was charged with possession with intent to sell and deliver cocaine. Under N.C. Gen. Stat. § 90-95(a) (2005), it is unlawful for any person:
(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance;
(2) To create, sell or deliver, or possess with intent to sell or deliver, a counterfeit controlled substance;
(3) To possess a controlled substance.
Cocaine is a controlled substance under N.C. Gen. Stat. § 90-90(1)(d) (2005).
"Possession may either be actual or constructive. When the defendant, while not having actual possession, . . . has the intent and capability to maintain control and dominion over the property, he has constructive possession of the item." State v. Glasco, 160 N.C. App. 150, 156, 585 S.E.2d 257, 262 (internal quotation omitted), disc. rev. denied, 357 N.C. 580, 589 S.E.2d 356 (2003). "This Court has previously emphasized that constructive possession depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the questions will be for the jury." Id. at 156-57, 585 S.E.2d at 262 (quotations and citations omitted). "As with other questions of intent, proof of constructive possession usually involves proof by circumstantial evidence." State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 479 (1986). In testing the sufficiency of the evidence, the test to be used "is the same whether the evidence is direct, circumstantial or both." Earnhardt, 307 N.C. at 68, 296 S.E.2d at 653. Evidence favorable to the State is to be considered as a whole in determining its sufficiency. State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).
Both the State and defendant presented evidence that: (1) Sergeant Head found a bag of cocaine on the ground next to his truck door after defendant had climbed into the passenger seat; (2) nothing fell out of Sergeant Head's truck when he opened the door; (3) nothing was on the ground before Sergeant Head opened the truck door; (4) defendant corrected Sergeant Head that the bag contained four smaller bags of cocaine, not two; and (5) defendant wrote and signed a statement that he possessed the cocaine. The State presented sufficient evidence that defendant had both actual and constructive possession of the cocaine. The trial court properly denied defendant's motion to dismiss. This assignment of error is overruled.

V. Defendant's Convictions
Defendant argues the trial court committed plain error by admitting his prior conviction for felony larceny that occurred outside the preceding ten years. We disagree. During the State's cross-examination of defendant, defendant admitted prior convictions within the preceding ten years for: (1) felonious possession of cocaine in December 2000; (2) violation of a domestic violence order in December 1998; (3) two counts of possession with intent to sell and deliver cocaine, and one count of felonious possession of stolen goods in December 2000; and (4) misdemeanor larceny in July 2004. Defendant also admitted a prior conviction outside of the preceding ten years for felony larceny on 8 August 1991.
Defendant failed to object at trial. Our review is limited to plain error. N.C.R. App. P. 10(b)(2); see Allen, 339 N.C. at 554-56, 453 S.E.2d at 154-55. As noted above, under plain error review, this Court reviews the entire record and determines whether the alleged error is so fundamental and prejudicial that justice could not have been done. State v. Haselden, 357 N.C. 1, 13, 577 S.E.2d 594, 602, cert. denied, 540 U.S. 988, 157 L. Ed. 2d 382 (2003). To prevail on plain error, a defendant must not only convince this Court that there was error, he must also convince us that absent the error, the jury probably would have reached a different result. Id. "[P]lain error analysis applies only to instructions to the jury and evidentiary matters." State v. Greene, 351 N.C. 562, 566, 528 S.E.2d 575, 578, cert. denied, 531 U.S. 1041, 148 L. Ed. 2d 543 (2000).
Under N.C. Gen. Stat. § 8C-1, Rule 609 (2005):
(b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
"Rule 609 . . . permits the introduction of convictions more than ten years old for the limited purpose of impeachment if two requirements are first met." State v. Porter, 326 N.C. 489, 509, 391 S.E.2d 144, 157 (1990). "First, the court must determine that the probative value of the convictions, supported by specific facts and circumstances, outweighs the prejudicial effect of introduction." Id. "Second, the State must give sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Id. (quotation omitted).
Here, the record on appeal does not indicate whether the district attorney gave the required notice. Nonetheless, defendant failed to meet his burden of proving plain error. Sergeant Head testified that he arrested defendant and drove him to the magistrate's office. During the drive, defendant initially denied ownership of the bag of cocaine, but subsequently corrected Sergeant Head that the bag of cocaine contained four smaller bags. A Taco Bell employee also testified that she had just swept the Taco Bell parking lot and the clear, plastic bag of cocaine was not present in the parking lot. The trial court admitted defendant's signed hand-written admission which stated, "[w]hen I got out of the van, the dope fell out of it, and it was mine. I take full responsibility of it."
Under plain error review and in light of this evidence, defendant has failed to show that another result would have probably occurred at trial had the trial court not allowed his testimony he was convicted of felony larceny in 1991. This assignment of error is overruled.
VI. Ineffective Assistance of Counsel
Defendant contends his constitutional right to effective assistance of counsel was violated when defense counsel: (1) failed to move to suppress his hand-written signed statement; (2) stipulated to the cocaine's admission or the admission of the laboratory report; and (3) failed to object to cross-examination on his conviction that was over ten years old. We disagree.
Defendant asserts he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, Sections 19 and 23 of the North Carolina Constitution and argues defense counsel failed to file a motion to suppress his hand-written and signed admission that, "when [defendant] got out of the van, the dope fell out of it, and it was [defendant's] and [defendant] take[s] full responsibility of it."
The test for determining whether a defendant in a criminal case has received effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674 (1984). The test is identical under both the Federal and State Constitutions. State v. Braswell, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). "When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." Id. (citing Strickland, 466 U.S. 668, 80 L. Ed. 2d 674). To establish that there was ineffective assistance of counsel, a defendant must meet the two-prong test of Strickland:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 562, 324 S.E.2d at 248. The burden of showing ineffective assistance of counsel rests upon the defendant. State v. Dockery, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985).
During the State's cross-examination of defendant, defendant admitted he wrote and signed the statement and admitted being in possession of the cocaine. Presuming defense counsel erred by his failure to file a motion to suppress, defendant has failed to show his "counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Braswell, 312 N.C. at 562, 324 S.E.2d at 248. Here, the record on appeal also reveals no ground upon which an objection to introduction into evidence of the cocaine or the laboratory report could or should have been made,and defendant failed to proffer any ground for an objection. Under plain error review, we held no error in the defendant's admission of a prior conviction that occurred more than ten years ago. Porter, 326 N.C. at 509, 391 S.E.2d at 157. Since we find no error in the admission of defendant's prior conviction, defense counsel's failure to object did not constitute ineffective assistance of counsel.
Defendant failed to meet his burden of proving ineffective assistance of counsel. This assignment of error is overruled.

VII. Conclusion
The trial court did not commit plain error when it admitted defendant's hand written and signed admission. The trial court properly denied defendant's motion to dismiss.
Defendant's assignment of error that the trial court erred in admitting his conviction that was older than ten years does not mandate a new trial under plain error review.
The record on appeal does not show defendant received ineffective assistance of counsel as a result of defense counsel's failure to move to suppress his hand-written signed admission, stipulation to the cocaine's admission or the failure to object to the admission of the laboratory report, and failure to object to defendant's cross-examination concerning a previous conviction more than ten years old.
Defendant received a fair trial, free from prejudicial errors he preserved, assigned, and argued.
No Error.
Judges STEPHENS and STROUD concur.
Report per Rule 30(e).