IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-424

 No. COA20-514

 Filed 17 August 2021

 Robeson County, No.17CRS52120

 STATE OF NORTH CAROLINA

 v.

 LA-AMEL CLARENCE MCDOUGALD

 Appeal by Defendant from final judgment entered 18 November 2019 by Judge

 Robert F. Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals

 8 June 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Alexander G.
 Walton, for the State-Appellee.

 Unti & Smith, PLLC by Sharon L. Smith for the Defendant.

 CARPENTER, Judge.

¶1 La-Amel Clarence McDougald (“Defendant”) appeals the trial court’s denial of

 his motion for a mistrial and the judgment entered 18 November 2019, after a jury

 found him guilty of robbery with a dangerous weapon. Defendant also appeals on the

 basis of Ineffective Assistance of Counsel (“IAC”). We find the trial court did not err

 in denying the motion for mistrial; accordingly, we affirm the trial court and dismiss

 Defendant’s IAC claim without prejudice.
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 I. Factual Background and Procedural History

¶2 Gary McLean (“Mr. McLean”) owned a video game store in Red Springs, North

 Carolina. While working at his store on 1 April 2017, Mr. McLean became the victim

 of an armed robbery. Mr. McLean testified an SUV arrived at the store and two men

 jumped out, one wearing a mask and the other not wearing a mask. The unmasked

 man confronted Mr. McLean with an assault rifle; told him to get on the ground; and

 took his wallet, cell phone, and approximately $400 in cash. Mr. McLean reported

 the robbery to the Robeson County Sheriff’s Office and identified Defendant as one of

 the assailants from a photographic lineup shown to him by Detective Craig Smith.

¶3 Defendant was tried in Superior Court on 18 November 2019 on one count of

 conspiracy to commit robbery with a dangerous weapon and one count of robbery with

 a dangerous weapon. At trial, Detective Smith testified he prepared the photographic

 lineup by accessing photos from the “jail archives.” Defendant’s trial counsel objected

 to Detective Smith’s testimony concerning the photographic lineup, contending the

 testimony unfairly prejudiced Defendant. The trial court sustained the objection and

 instructed the jury, “the objection is sustained . . . [y]ou are not to consider the last

 response of the witness at this time as evidence.” Defendant testified that he was

 present at the scene to “buy some pills,” but denied taking part in the robbery. On

 cross-examination, Defendant admitted to multiple criminal convictions including

 common law robbery, felony assault inflicting serious bodily injury, and one count of
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 possession of firearm by a felon. Defense counsel later made a motion for mistrial,

 which was denied. The trial court dismissed the conspiracy charge upon Defendant’s

 motion at the close of the State’s evidence, but the jury found Defendant guilty of

 robbery with a dangerous weapon. Defendant gave oral notice of appeal in court on

 19 November 2019.

 II. Jurisdiction

¶4 This Court has jurisdiction over the final judgment entered by the trial court

 on 18 November 2019 under N.C. Gen. Stat. § 7A-27(b)(1) (2019) and N.C. Gen. Stat.§

 15A-1444(a) (2019).

 III. Issues

¶5 The issues presented on appeal are: (1) whether the trial court erred in denying

 Defendant’s motion for a mistrial after Detective Smith testified the photographs

 used in the jail lineup were obtained from “jail archives”; and (2) whether Defendant’s

 Sixth Amendment right to effective assistance of counsel was violated when his

 counsel failed to challenge the photographic lineup’s compliance with the Eyewitness

 Identification Reform Act (“EIRA”).

 IV. Analysis

 A. Denial of Defendant’s Motion for Mistrial

¶6 Defendant argues the trial court improperly denied his motion for mistrial

 because the court’s instruction to the jury on Detective Smith’s testimony was
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 insufficient to cure its prejudicial effect. Accordingly, Defendant argues the trial

 court abused its discretion in denying the motion for mistrial. We disagree.

 1. Standard of Review

¶7 This Court reviews a trial court’s denial of a motion for mistrial under an

 abuse of discretion standard. State v. Simmons, 191 N.C. App. 224, 227, 350 S.E.2d

 334, 345-57 (1986).

 2. Discussion

¶8 The trial court “may declare a mistrial at any time during the trial,” but the

 court “must declare a mistrial upon the defendant’s motion if there occurs during the

 trial an error . . . resulting in substantial and irreparable prejudice to the defendant’s

 case.” N.C. Gen. Stat. § 15A-1061 (2019) (emphasis added). Whether a defendant’s

 case has been irreparably and substantially prejudiced is a decision within the “sound

 discretion” of the trial court and will not be disturbed absent an abuse of discretion.

 See State v. Williamson, 333 N.C. 128, 138, 423 S.E.2d 766, 772 (1992) (“The decision

 of the trial judge is entitled to great deference since he is in a far better position than

 an appellate court to determine whether the degree of influence on the jury was

 irreparable.”).

¶9 In determining the prejudicial effect of evidence, this Court looks to “the nature

 of the evidence and its probable influence upon the minds of the jury in reaching a

 verdict.” State v. Aycoth, 270 N.C. 270, 272, 154 S.E.2d 59, 60 (1967). “When the
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 trial court withdraws incompetent evidence and instructs the jury not to consider it,

 any prejudice is ordinarily cured.” State v. Black, 328 N.C. 191, 200, 400 S.E.2d 398,

 404 (1991). However, some instructions from a trial court are insufficient to cure

 prejudice. See Aycoth, 270 N.C. at 272-73, 154 S.E.2d at 60-61 citing State v.

 Aldridge, 254 N.C. 297, 118 S.E. 2d 766 (1961) (Whether the prejudicial effect of such

 incompetent statements should be deemed cured by such instructions depends upon

 the nature of the evidence and the circumstances of the particular case.”). Thus, we

 first address whether Defendant was prejudiced by Detective Smith’s testimony, and

 second, address whether the trial court’s instruction to the jury was curative.

 a. Prejudicial Nature of Detective Smith’s Testimony

¶ 10 At trial, Detective Smith testified the photographs used in compiling the

 photographic lineup were obtained from the “jail archives.” Defendant specifically

 argues this testimony was prejudicial, as it “directly informed the jury [Defendant]

 had previously been arrested” and had a criminal history. Defendant argues this

 testimony is analogous to the testimony in State v. Aycoth, 270 N.C. 270, 154 S.E.2d

 59 (1967), and thus a motion for mistrial should have been granted. We disagree.

¶ 11 In Aycoth, the North Carolina Supreme Court recognized that, generally, in a

 prosecution for a particular crime “the State cannot offer evidence tending to show

 that the accused has committed another distinct, independent, or separate offense.”

 Id. at 272, 154 S.E.2d at 60. The Court further recognized that in some instances,
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 because of the “serious character and gravity of the incompetent evidence,” it is

 difficult for the jury to erase it from their minds. Id. at 272, 154 S.E.2d at 60. In

 Aycoth, a witness for the State testified the car he saw at the scene of the crime

 belonged to the defendant because it was the same car the defendant drove when he

 was arrested for murder. Aycoth, 270 N.C. at 272, 154 S.E.2d at 60. The Aycoth

 Court held such testimony was prejudicial as it suggested to the jury the defendant

 committed murder, and the trial court could not proceed without material prejudice

 to the defendant. Id. at 273, 154 S.E.2d at 61. Accordingly, the Court reversed the

 trial court’s denial of a motion for mistrial. Id. at 273, 154 S.E.2d at 61.

¶ 12 The testimony in this case is distinguishable from the testimony in Aycoth.

 Detective Smith testified the pictures he used for the photographic lineup were

 obtained from the “jail archives,” whereas the witness in Aycoth specifically testified

 that the defendant had been arrested for murder. See Aycoth, 270 N.C. at 272, 154

 S.E.2d at 60. In the case at bar, Detective Smith’s testimony is not specific and does

 not amount to evidence “tending to show that the accused has committed another

 distinct, independent, or separate offense.” Aycoth, 270 N.C. at 272, 154 S.E.2d at

 60. Detective Smith’s testimony did not “directly inform[] the jury that [Defendant]

 had previously been arrested,” as Defendant claims.

¶ 13 Further, in State v. Moore, the Supreme Court did not overturn a trial court’s

 denial of a motion for mistrial after a witness testified Moore had previously “killed
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 one person,” and the trial court instructed the jury not to consider that testimony.

 State v. Moore, 276 N.C. 142, 148, 171 S.E.2d 452, 457 (1970). In response to

 numerous questions, a witness stated four times that he knew Moore “killed one

 person.” Id. at 148, 171 S.E.2d at 457. The Moore Court held the defendant was not

 prejudiced as the testimony did not suggest that he had been arrested, tried, or

 convicted. See Moore, 276 N.C. at 149, 171 S.E.2d at 458 (holding the question “was

 the killing accidental, in self-defense, or felonious?” contained no suggestion the

 homicide was the result of a criminal act or that defendant had been prosecuted for

 it.). Similarly, in this case, Detective Smith testified the photographs for the lineup

 were from the “jail archives,” and there was no mention of Defendant’s arrests,

 convictions, or other criminal history. See Moore, 276 N.C. at 149, 171 S.E.2d at 457.

 The testimony at issue in the case at bar is more indefinite than the testimony in

 Moore. See Moore, 276 N.C. at 148, 171 S.E.2d at 457. Therefore, we hold Defendant

 was not prejudiced by the testimony.

¶ 14 Additionally, if there was any difficulty for the jurors to erase from their mind

 the fact of Defendant’s criminal history, see Aycoth, at 272, 154 S.E.2d at 60,

 Defendant created the difficulty himself. In Moore, the Supreme Court held there

 were no subsequent statements at trial that emphasized the witness’s inconclusive

 testimony that Moore “killed one person.” Moore, 276 N.C. at 147, 171 S.E.2d at 457.

 Here, the only statements that directly informed the jury of Defendant’s criminal
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 history were made by Defendant himself on both direct and cross-examination. Thus,

 Defendant was not prejudiced by Detective Smith’s testimony.

 b. Curative Nature of Trial Court’s Instruction

¶ 15 Notwithstanding our holding the testimony was not prejudicial, we address the

 curative nature of the trial court’s instruction to the jury. Defendant argues the trial

 court’s instruction to the jury to “not consider the last response of the witness at this

 time as evidence,” was vague and insufficient to cure the prejudice of Detective

 Smith’s testimony. We disagree.

¶ 16 Ordinarily, when a trial court instructs the jury not to consider prejudicial

 evidence, the prejudice is cured. See State v. Black, 328 N.C at 200, 400 S.E.2d at

 404. North Carolina courts have long recognized the presumption jurors will

 understand and comply with those instructions. See State v. Self, 280 N.C. 665, 672,

 187 S.E.2d 93, 97 (1972) (“[O]ur system for the administration of justice through trial

 by jury is based upon the assumption that the trial jurors are men of character and

 of sufficient intelligence to fully understand and comply with the instructions of the

 court, and are presumed to have done so.”) citing Wilson v. Branning Mfg. Co., 120

 N.C. 94, 26 S.E. 629 (1897)). Further, this Court has recognized instructions as

 curative when counsel immediately objects, and the trial court sustains the objection

 and issues a curative instruction. See State v. Sheridan, 263 N.C. App. 697, 705, 824

 S.E.2d 146, 153 (2019) (holding after defense counsel’s immediate objection, which
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 was sustained, the trial court gave a sufficiently curative instruction to the jury by

 stating: “with regard to the last remark by this witness you are to disregard that

 remark and not consider it as part of your consideration towards a deliberation to a

 verdict in this case.”).

¶ 17 In the case sub judice, following Detective Smith’s testimony regarding the

 photos used in the photographic lineup, defense counsel objected and the objection

 was sustained. The trial court then instructed the jury: “the objection is sustained .

 . . [y]ou are not to consider the last response of the witness at this time as evidence.”

 Here, the similarity to the instruction in Sheridan is compelling. See id., 263 N.C.

 App. at 705, 824 S.E.2d at 153. Therefore, we hold the trial court’s instruction to the

 jury cured any prejudice of Detective Smith’s testimony. Further, we must respect

 the presumption the jurors both understood and complied with those instructions.

 See State v. Self, 280 N.C. at 672, 187 S.E.2d at 97.

¶ 18 Detective Smith’s testimony was not prejudicial and the trial court’s

 instruction cured any prejudice to Defendant from that testimony. Accordingly, we

 hold the trial court did not abuse its discretion by denying the Defendant’s motion for

 a mistrial.

 B. Ineffective Assistance of Counsel

¶ 19 Defendant next argues that his counsel’s failure to challenge the photographic

 lineup’s compliance with the Eyewitness Identification Reform Act violated his Sixth
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 Amendment right to effective assistance of counsel.

 1. Standard of Review

¶ 20 This Court reviews claims of the ineffective assistance of counsel (“IAC”) de

 novo. State v. Fisher, 318 N.C. 512, 531-34, 350 S.E.2d 334, 345-47 (1986). To

 establish a claim for IAC, a defendant first must prove counsel’s performance was

 “deficient,” meaning counsel functioned below an “objective standard of

 reasonableness” under prevailing professional norms. State v. Allen, 360 N.C. 297,

 316, 626 S.E.2d 271, 286 (2006); citing Strickland v. Washington, 466 U.S. 668, 697-

 98, 104 S.Ct. 2052, 2069 (1984). Secondly, a defendant must prove the deficient

 performance prejudiced him, meaning there is a “reasonable probability that but for

 counsel’s unprofessional errors, the result of the proceedings would have been

 different.” State v. Allen 360 N.C. at 316, 626 S.E.2d at 286 (quoting Strickland v.

 Washington, 466 U.S. at 694, 104 S.Ct. at 2068).

 2. Discussion

¶ 21 Defendant argues counsel’s failure to challenge the photographic lineup’s

 compliance with the EIRA amounted to deficient performance. The EIRA requires

 photographic lineups to be administered by an “independent administrator,” meaning

 someone “who is not participating in the investigation . . . and is unaware of which

 person in the lineup is the suspect.” N.C. Gen. Stat. § 15A-284.52 (2019). Defendant

 argues that if a motion to suppress the photographic lineup had been filed, or if
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 defense counsel challenged Detective Smith on cross-examination, this would have

 triggered the mandated jury instruction under N.C. Gen. Stat. § 15A-284.52(d)(3).

¶ 22 IAC claims are proper to address on direct appeal “when the cold record reveals

 that no further investigation is required.” State v. Fair, 354 N.C. 131, 167, 557 S.E.2d

 500, 524 (2001). However, “claims of ineffective assistance of counsel should be

 considered through motions for appropriate relief and not on direct appeal.” State v.

 Stroud, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001) (citing State v. Dockery,

 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985)). Further, if certain evidentiary

 issues may need to be developed, this Court should dismiss the IAC claim without

 prejudice to Defendant’s right to reassert it in a Motion for Appropriate Relief. See

 State v. Fair, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) (“should the reviewing

 court determine that IAC claims have been prematurely asserted on direct appeal, it

 shall dismiss those claims without prejudice to the defendant’s right to reassert them

 during a subsequent [Motion for Appropriate Relief] proceeding.”).

¶ 23 In this case, we cannot properly assess the IAC claim on direct appeal because

 there has been no evidentiary hearing on this issue, and the “cold record” is not

 dispositive. See State v. Kinch, 314 N.C. 99, 106, 331 S.E.2d 665, 669 (1985)

 (concluding same); Fair, 354 N.C. at 166, 557 S.E.2d at 524 (citations omitted)

 (Ineffective assistance of counsel claims “brought on direct review will be decided on

 the merits when the cold record reveals that no further investigation is required, i.e.,
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

 claims that may be developed and argued without such ancillary procedures as the

 appointment of investigators or an evidentiary hearing.”); State v. House, 340 N.C.

 187, 196, 456 S.E.2d 292, 297 (1995) (declining to adjudicate ineffective assistance of

 counsel claim where record was silent as to whether defendant consented to his

 counsel’s argument regarding his guilt and determining that said issue was

 appropriately deferred for consideration in a motion for appropriate relief).

 Therefore, we dismiss Defendant’s IAC claim without prejudice to his right to file a

 Motion for Appropriate Relief in the trial court.

¶ 24 Should this issue be raised below in a Motion for Appropriate Relief, the trial

 court may “take evidence, make findings of fact and conclusions of law, and order

 review of all files and oral thought patterns of trial counsel and client that are

 determined to be relevant to defendant’s allegations of ineffective assistance of

 counsel.” State v. Buckner, 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000).

 V. Conclusion

¶ 25 We hold the trial court did not abuse its discretion in denying Defendant’s

 motion for a mistrial. The testimony of Detective Smith was not prejudicial to

 Defendant, and even if it was, the trial court’s instruction was curative. Moreover,

 we dismiss Defendant’s IAC claim without prejudice to his right to reassert the claim

 in a motion for appropriate relief.
 STATE V. MCDOUGALD

 2021-NCCOA-424

 Opinion of the Court

NO PREJUDICIAL ERROR IN PART AND DISMISS IN PART.

Judge DIETZ concurs.

Judge MURPHY concurs in part and concurs in result only in part.
 No. COA20-514 – State v. McDougald

 MURPHY, Judge, concurring in part and concurring in result only in part.

¶ 26 I cannot join with the Majority in its determination in Part IV(A)(2)(a),

 specifically that “Defendant was not prejudiced by the testimony [that his photo was

 available as part of the jail records].” Supra at ¶ 13. The testimony in this matter

 was of the same substance as the witness’s testimony in Aycoth regarding “when [the

 defendant] was indicted for murder.”1 State v. Aycoth, 270 N.C. 270, 272, 154 S.E.2d

 59, 60 (1967). “The general rule is that in a prosecution for a particular crime, the

 State cannot offer evidence tending to show that the accused has committed another

 distinct, independent, or separate offense.” Id. (marks omitted). Similar to the

 improper testimony in Aycoth, the testimony informed the jury that Defendant had a

 criminal history of some sort. As a result, Defendant was prejudiced by this

 testimony.

¶ 27 However, as instructed by our Supreme Court in Aycoth and throughout our

 jurisprudence, as properly noted by the Majority, “Ordinarily where the evidence is

 withdrawn no error is committed. . . . Whether the prejudicial effect of such

 incompetent statements should be deemed cured by such instructions depends upon

 the nature of the evidence and the circumstances of the particular case.” Id. at 272-

 273, 154 S.E.2d at 61 (citations omitted); see supra at ¶ 16. While I do not join the

 1 The Majority mistakenly refers to the defendant in Aycoth having been “arrested for

 murder,” rather than having been “indicted for murder.” Supra at ¶¶ 11, 12; State v. Aycoth,
 270 N.C. 270, 272, 154 S.E.2d 59, 60 (1967). Admittedly, the testimony in Aycoth regarding
 an arrest may be referring to the indicted murder, but the recitation of the testimony leaves
 this ambiguous. See id.
 STATE V. MCDOUGALD

 2021-NCCOA-424

 MURPHY, J. concurring in part and concurring in result only in part.

Majority in holding Defendant was not prejudiced by this testimony, I do join the

Majority in its prejudice analysis in Part IV(A)(2)(b). Supra at ¶¶ 15-18. As a result,

I concur in the result reached regarding the trial court’s denial of Defendant’s motion

for a mistrial. I otherwise join the Majority’s opinion in full.