STATE OF NORTH CAROLINA v. FRED THOMAS WARE

No. COA96-290

(Filed 18 March 1997)

**Constitutional Law § 309 (NCI4th)— ineffective assistance of counsel—concession of guilt of lesser offenses—consent by defendant—failure of record to show—question not addressed**

The Court of Appeals could not address defendant's assignment of error that he received ineffective assistance of counsel in his trial for first-degree rape and first-degree kidnapping because his counsel conceded, contrary to defendant's testimony, his guilt of two lesser offenses where the Court could not determine from the record on appeal whether these statements by defense counsel were made without defendant's consent. To properly advance this argument, defendant should move for appropriate relief in the trial court.

**Am Jur 2d, Appellate Review §§ 497, 546, 690.**

**Adequacy of defense counsel's representation of criminal client regarding argument. 6 ALR4th 16.**

Appeal by defendant from judgment and commitment entered 3 August 1995 by Judge J. Herbert Small in Lee County Superior Court. Heard in the Court of Appeals 7 January 1997.

On 13 March 1995, the State indicted defendant Fred T. Ware on charges of first degree rape, first degree kidnapping and as an habitual felon. After trial, the jury returned its verdict finding the defendant guilty of felonious restraint and assault on a female, and finding that the defendant is an habitual felon. The trial court entered judgment accordingly on 25 August 1995.

At trial, the State presented the following evidence. The alleged victim, an ex-girlfriend of defendant's, testified that on the evening of 13 March 1995 defendant met her unexpectedly in the parking lot of the K-Mart at which she works. There, defendant told her he had a gun and demanded that she drive him to an unspecified location. She testified that he ultimately directed her to a secluded location known as "Leek's Place." There, after directing her to park the vehicle out of sight of the passing roadway, defendant proceeded to threaten, physically assault, and ultimately rape the victim.

The victim testified that defendant then directed her to drive him to his sister's house. On the way to defendant's sister's house, the victim stopped at a convenience store to use the restroom and then was stopped along the roadside by Fort Bragg military police. She testified that she did not seek help on either of these occasions because of defendant's threats.

Defendant's testimony directly contradicted that of the alleged victim. He admitted to engaging in sexual intercourse with the victim, but contended that the intercourse was consensual and was, in fact, initiated by the alleged victim. Defendant denied ever telling the victim he had a weapon, threatening to harm her or in any way assaulting the alleged victim. In his testimony, defendant denied restraining the alleged victim in any way.

In his closing argument before the jury, counsel for defendant made numerous statements seeming to admit at least a measure of guilt on defendant's part. These statements were clearly made in an attempt to avoid conviction for the more serious offenses (first degree rape and kidnapping) by persuading the jury that defendant was guilty only of the lesser included charges (assault on a female and felonious restraint). The statements by defense counsel did, however, directly contradict defendant's own testimony in which he consistently maintained his innocence of any illegal restraint or sexual offense. After closing arguments were completed, the trial court instructed the jury and the jury retired to begin its deliberations. Four hours later, the jury returned with a verdict that the defendant was guilty of felonious restraint and assault on female.

The trial court denied defendant's motions to set aside the verdicts as inconsistent with the evidence and the State proceeded with the habitual felon indictment. As an habitual felon, the defendant was sentenced to a minimum term of one-hundred months and a maximum term of one-hundred twenty-nine months.

Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General E. Burke Haywood, for the State.*

*Harrington, Ward, Gilleland & Winstead, by Eddie S. Winstead III, for defendant-appellant.*

**STATE v. WARE**

[125 N.C. App. 695 (1997)]

EAGLES, Judge.

The sole issue raised by defendant here on appeal is whether he was afforded effective assistance of counsel at trial. Defendant argues that he was not afforded effective assistance of counsel because his counsel conceded, contrary to defendant's own trial testimony, that defendant must be guilty of two lesser included charges. The following statements by defense counsel form the primary basis of defendant's objection:

> These sexual acts were happening between them, and when he was restraining her—I'll admit it, she was restrained against her will . . . . She certainly did not consent . . . .

We recognize that "ineffective assistance of counsel, per se in violation of the Sixth Amendment, has been established in every criminal case in which defendant's counsel admits the defendant's guilt without the defendant's consent." *State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985), *cert. denied*, 476 U.S. 1123, 90 L. Ed. 2d 672 (1986). We cannot address defendant's assignments of error here, however, because we cannot determine from the record on appeal that these statements by defense counsel were made without defendant's consent. To properly advance these arguments, defendant must move for appropriate relief pursuant to G.S. 15A-1415 (1981 & Supp. 1995) and G.S. 15A-1420 (1977 & Supp. 1995). This motion must be accompanied by affidavits or other documentary evidence necessary to support defendant's contention that defense counsel's arguments were made without his consent. G.S. 15A-1420(b)(1). Upon the filing of a motion for appropriate relief, the trial court will determine the motion and make appropriate findings of fact.

Dismissed.

Judges GREENE and MARTIN, John C., concur.