An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-78

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STEPHEN KYPRIANIDES,
      Plaintiff,

      v.                                Hertford County
                                        No. 11 CVS 250
PERRY MARTIN,
      Defendant.


Appeal by plaintiff from order entered 17 September 2013 by Judge Cy A. Grant, Sr. in Hertford County Superior Court.  Heard in the Court of Appeals 20 May 2014.

      *Plaintiff-appellant Stephen Kyprianides appearing pro-se.*

      *No defendant-appellee brief filed.*


      ELMORE, Judge.

      Plaintiff timely appeals from an order entered 17 September 2013 denying his Amended Motion to Enforce a Mediated Settlement Agreement.  After careful consideration, we reverse, in part, and dismiss, in part.

## I. Facts

      On 19 November 2009, Perry Martin (defendant) represented Stephen Kyprianides (plaintiff) on numerous misdemeanor counts

of cruelty to animals, N.C. Gen. Stat. § 14-360(a), in Bertie County District Court.  On that date, plaintiff pled no contest to two of those charges, received 24 months of supervised probation, and appealed the judgment to Bertie County Superior Court (superior court).  Plaintiff, once again, pled no contest to the two charges in superior court and received the same sentence.

Thereafter, plaintiff filed a complaint on 21 June 2011 in Hertford County alleging that defendant "intentionally and willfully deceived me when he lost prime evidence . . . and made statements to the court which strongly implied that I was guilty."  The parties were required to participate in court-ordered mediation to resolve their dispute.  The parties agreed to a Mediated Settlement Agreement (the agreement), which stated that defendant "shall pay [p]laintiff the total sum of $1,900 within five (5) days from the date of this Agreement" in exchange for plaintiff to file a voluntary dismissal with prejudice of the complaint upon receipt and disbursement of the settlement proceeds.  Defendant complied with that provision. However, the agreement also read, "[a]fter completion of [p]laintiff's probation [d]efendant shall cooperate with [p]laintiff in having the criminal convictions arising out [sic]

the matter in which [d]efendant represented [p]laintiff expunged[.]"

Plaintiff filed an "Amended Motion to Enforce [the agreement]" on 30 August 2013 on the grounds that defendant breached the agreement to expunge the convictions. Moreover, plaintiff asked that "the [trial] court issue a mandate ordering [defendant] to comply with his signed agreement and, in addition" requested that "the [trial] court also order him to pay . . . $3,000.00" for probation costs. After a hearing on the matter, the trial court entered an order denying plaintiff's motion and concluded that 1.) the law of this State does not allow for the crime of cruelty to animals to be expunged, 2.) defendant, under existing law, could not perform that provision of the agreement, and 3.) it had no legal authority to force defendant to pay plaintiff a monetary award "in lieu of performing this specific provision[.]"

## II. Analysis

### a.) Expunction

Plaintiff argues that the trial court erred in concluding that a conviction for the crime of misdemeanor cruelty to animals cannot be expunged under North Carolina law. We agree.

"Conclusions of law are reviewed *de novo* and are subject to full review." *State v. Biber,* 365 N.C. 162, 168, 712 S.E.2d

874, 878 (2011); *see also Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004) ("Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal.").

N.C. Gen. Stat. § 15A-145.5 (2013) allows for the expunction of "nonviolent misdemeanor" or "nonviolent felony" convictions without age limitations in narrow circumstances:

> A person may file a petition, in the court where the person was convicted, for expunction of a nonviolent misdemeanor or nonviolent felony conviction from the person's criminal record if the person has no other misdemeanor or felony convictions, other than a traffic violation. The petition shall not be filed earlier than 15 years after the date of the conviction or when any active sentence, period of probation, and post-release supervision has been served, whichever occurs later.

N.C. Gen. Stat. § 15A-145.5(c). Moreover,

> if the person is convicted of more than one . . . nonviolent misdemeanor in the same session of court and none of the . . . nonviolent misdemeanors are alleged to have occurred after the person had already been served with criminal process for the commission of a nonviolent . . . misdemeanor, then the multiple . . . nonviolent misdemeanor convictions shall be treated as one . . . non violent misdemeanor conviction under this section[.]

N.C. Gen. Stat. § 15A-145.5(b). The statute defines a nonviolent misdemeanor as any misdemeanor except:

(1) A Class A through G felony or a Class A1 misdemeanor.

(2) An offense that includes assault as an essential element of the offense.

(3) An offense requiring registration pursuant to Article 27A of Chapter 14 of the General Statutes, whether or not the person is currently required to register.

(4) Any of the following sex-related or stalking offenses: G.S. 14-27.7A(b), 14-190.7, 14-190.8, 14-190.9, 14-202, 14-208.11A, 14-208.18, 14-277.3, 14-277.3A, 14-321.1.

(5) Any felony offense in Chapter 90 of the General Statutes where the offense involves methamphetamines, heroin, or possession with intent to sell or deliver or sell and deliver cocaine.

(6) An offense under G.S. 14-12.12(b), 14-12.13, or 14-12.14, or any offense for which punishment was determined pursuant to G.S. 14-3(c).

(7) An offense under G.S. 14-401.16.

(8) Any felony offense in which a commercial motor vehicle was used in the commission of the offense.

N.C. Gen. Stat. § 15A-145.5(a).

Here, defendant was convicted of two counts of misdemeanor cruelty to animals with the same offense date in the same session of court. The crime is not a Class A1 misdemeanor, does not contain assault as an essential element, does not require

sex offender registration, is not a sex-related or stalking offense, and is a completely separate offense from any listed in (5), (6), (7), or (8) above. *See id.*

Thus, contrary to the trial court's legal conclusions, the law of this State allows for a misdemeanor cruelty to animals conviction to be expunged in specific circumstances. Accordingly, defendant, under existing law, could perform the provision of the agreement requiring him to "cooperate with [p]laintiff in having the [cruelty to animals] convictions" expunged, assuming plaintiff is eligible under N.C. Gen. Stat. § 15A-145.5(c). Thus, we rule that the trial court erred in denying plaintiff's motion to enforce the agreement.

## b.) Ineffective Assistance of Counsel

Plaintiff also avers that defendant "deceived" him, "coerced" him to enter a no contest plea, failed to present the trial court with mitigating factors at sentencing, asserted to the trial court that he was guilty, and had a conflict of interest in the case. Thus, plaintiff contends that he received ineffective assistance of counsel. We dismiss plaintiff's argument without prejudice to his right to file appropriate motions in the trial court.

When raising claims of ineffective assistance of counsel, the "accepted practice" is to bring these claims in post-conviction proceedings, rather than on direct appeal. *State v. Dockery*, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985). Here, plaintiff has "prematurely asserted his ineffective assistance of counsel claim" by directly appealing to this Court. *See State v. Stroud*, 147 N.C. App. 549, 556, 557 S.E.2d 544, 548 (2001) (quotation and citation omitted). While plaintiff raises potential questions regarding defendant's handling of the no contest plea, we are unable to find ineffective assistance of counsel from the face of the record. A motion for appropriate relief is the proper mechanism to resolve this issue. *Id.; see also State v. Ware*, 125 N.C. App. 695, 697, 482 S.E.2d 14, 16 (1997) (dismissing the defendant's appeal where the issues could not be determined from the record and concluding that "[t]o properly advance these arguments, defendant must move for appropriate relief pursuant to G.S. 15A-1415[ ] and G.S. 15A-1420[ ]").

## III. Conclusion

In sum, we reverse the trial court's order denying plaintiff's motion to enforce the agreement because a conviction for the crime of misdemeanor cruelty to animals can be expunged

in limited circumstances under North Carolina law. We dismiss plaintiff's claim for ineffective assistance of counsel without prejudice to his right to file appropriate motions in the trial court.

Reversed, in part; dismissed, in part.

Judges McGEE and HUNTER, Robert C., concur.

Report per Rule 30(e).