STATE OF NORTH CAROLINA v. FELICIA YVETTE CLAGON
AND KRISTEN RASHUNDA WILKINS

No. COA10-299

(Filed 5 October 2010)

**1. Indictment and Information— first-degree burglary indict-
ment—not defective**

Defendant Wilkins' argument that an indictment for first-degree burglary was defective because it failed to identify the specific intended felony upon which the burglary charge was based was overruled. An indictment for first-degree burglary satisfies the requirements of N.C.G.S. § 15A-924(a)(5) even if it does not specify the felony the defendant intended to commit.

**2. Burglary and Unlawful Breaking or Entering— first-degree burglary—sufficient evidence**

The trial court did not err by denying defendant Clagon's motion to dismiss the charge of first-degree burglary because the evidence was sufficient to establish that defendant intended to commit assault with a deadly weapon inflicting serious injury upon entering the victim's residence.

**3. Burglary and Unlawful Breaking or Entering— first-degree burglary—acting in concert—sufficient evidence**

The trial court did not err by denying defendant Wilkins' motion to dismiss the charge of first-degree burglary. The evidence was sufficient to establish that the four perpetrators, including defendant Wilkins, entered the residence with a common plan or purpose and that defendant Clagon's assault was in pursuance of the common purpose or was a natural or probable consequence thereof.

**4. Burglary and Unlawful Breaking or Entering— instructions— first-degree burglary—no plain error**

The trial court's instruction to the jury regarding the specific intent element of first-degree burglary did not rise to the level of plain error. When viewed in its entirety, the trial court's instructions were clear that the underlying felony for the first-degree burglary charge was assault with a deadly weapon inflicting serious injury and not assault with a deadly weapon.

Appeal by defendants from judgments entered 18 August 2009 by Judge J. Richard Parker in Martin County Superior Court. Heard in the Court of Appeals 15 September 2010.

*Attorney General Roy Cooper, by Assistant Attorneys General Scott K. Beaver and Richard Sowerby, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant Felicia Yvette Clagon.*

*Irving Joyner, for defendant-appellant Kristen Rashunda Wilkins.*

STEELMAN, Judge.

STATE v. CLAGON

[207 N.C. App. 346 (2010)]

Indictments for first-degree burglary are not required to specifically state the underlying felony on which the burglary charge is based. Where there was sufficient circumstantial evidence of Clagon's intent to commit assault with a deadly weapon inflicting serious injury, the trial court did not err in denying her motion to dismiss. For Wilkins to be guilty of first-degree burglary under an acting in concert theory, the State was not required to show that Wilkins had the specific intent that Clagon assault Forrest. When viewed in their entirety, the trial court's jury instructions were not error, much less plain error.

## I. Factual and Procedural History

On 27 June 2007 Disherea Forrest ("Forrest"), Velencia Best, and Frushica Best were living together at 305 Nelson Street, Robersonville, North Carolina ("the residence"). At around 10:30 p.m. a burgundy car was observed driving back and forth in front of the residence. Eventually the car stopped and parked in front of the residence. The occupants of the car were later determined to be Kristen Wilkins ("Wilkins"), Felicia Clagon ("Clagon"), Antonio Freeman, Jeremy Freeman, and Timothy Andrews. Upon noticing that the burgundy car had stopped in front of their residence, Forrest and Best locked all three locks on their front door and went to the back room of the residence. They then heard a big boom and the front door burst open. Clagon and Wilkins entered followed by Jeremy and Antonio Freeman, both of whom were carrying guns. Clagon was carrying an ax, and walked towards the back of the residence asking "Where's Disherea [Forrest]?" Clagon located Forrest and began swinging the ax at her. A struggle ensued over the ax during which Forrest sustained a small laceration to her head. Clagon, Wilkins, Jeremy and Antonio Freeman all fled from the residence when someone said that the police were coming.

On 2 February 2009 Clagon and Wilkins were each indicted for first-degree burglary, assault with a deadly weapon inflicting serious injury, and two counts of assault by pointing a gun. At trial, all four counts of assault by pointing a gun were dismissed at the close of the evidence. The jury found Clagon and Wilkins guilty of first-degree burglary, but not guilty of assault with a deadly weapon inflicting serious injury. Clagon was sentenced to 60 to 81 months imprisonment, and Wilkins was sentenced to 51 to 71 months imprisonment.

Clagon and Wilkins appeal.

## II. Burglary Indictment

[1] In Wilkins' third argument, she contends that the indictment for first-degree burglary was defective because it failed to identify the specific intended felony upon which the burglary charge was based. We disagree.

N.C. Gen. Stat. § 15A-924(a)(5) (2007) states that a criminal pleading must contain:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

The Supreme Court of North Carolina established in *State v. Worsley*, 336 N.C. 268, 280, 443 S.E.2d 68, 74 (1994), that an "indictment for first-degree burglary . . . satisfies the requirements of N.C.G.S. § 15A-924(a)(5), even [if] it does not specify the felony the defendant intended to commit . . . ." The indictment in the instant case states:

> The jurors for the State upon their oath present that . . . , [Wilkins] unlawfully, willfully and feloniously did during the nighttime between the hours of 10:00 p.m. and 11:00 p.m. break and enter the dwelling house of Valenzia Best and Fri-Shica Best [sic] located at 305 Nelson Street, Robersonville, NC. At the time of the breaking and entering, the dwelling house was actually occupied by Valenzia Best, Fri'Shica Best [sic], Shimere Keel, and Disherea Forrest. The defendant broke and entered with the intent to commit a felony therein.

The indictment,

> charges the offense . . . in a plain, intelligible, and explicit manner and contains sufficient allegations to enable the trial court to proceed to judgment and to bar a subsequent prosecution for the same offense. The indictment also informs the defendant of the charge against him with sufficient certainty to enable him to prepare his defense.

*Worsley*, 336 N.C. at 281, 443 S.E.2d at 74 (internal quotations omitted). Wilkins' indictment for first-degree burglary in the instant case was sufficient to charge that crime.

This argument is without merit.

### III. Motion to Dismiss First-Degree Burglary Charge

[2] In Wilkins' first argument and Clagon's only argument, they contend the trial court committed reversible error by denying their motions to dismiss the charges of first-degree burglary because the evidence was insufficient to establish that they intended to commit assault with a deadly weapon inflicting serious injury upon entering the residence. We disagree.

### A. Standard of Review

The standard of review on a motion to dismiss is "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992).

> Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment that can be drawn therefrom.

*Id.* (citations omitted).

### B. Charge Against Clagon

The elements of first-degree burglary are: "(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) of another (6) which is actually occupied at the time of the offense (7) with the intent to commit a felony therein." *State v. Blyther*, 138 N.C. App. 443, 447, 531 S.E.2d 855, 858 (2000) (citation omitted), *disc. review denied*, 352 N.C. 592, 544 S.E.2d 788 (2000). Defendants' only argument pertains to the seventh element, involving their intent to commit a felony.

"Intent being a mental attitude, it must ordinarily be proven, if proven at all, by circumstantial evidence, that is, by proving facts from which the fact sought to be proven may be inferred." *State v. Smith*, 211 N.C. 93, 95, 189 S.E. 175, 176 (1937). "[E]vidence of what a defendant does after he breaks and enters a house is evidence of his intent at the time of the breaking and entering." *State v. Gray*, 322 N.C. 457, 461, 368 S.E.2d 627, 629 (1988). Upon entering the residence, carrying an ax, Clagon asked "Where's Disherea [Forrest]?" and upon

locating Forrest began swinging the ax at her. This was sufficient circumstantial evidence to survive Clagon's motion to dismiss, and submit the issue of Clagon's intent to the jury.

This argument is without merit.

### C. Charges Against Wilkins

[3] Wilkins was convicted of first-degree burglary under a theory of acting in concert. Wilkins argues, without citation of any authority, that "[i]n order to support the jury's verdict, the State's evidence would have had to shown [sic] that Appellant had a specific intent that Clagon would assault Forrest with a deadly weapon and that this assault was specifically meant to produce serious injury."

Acting in concert occurs when:

> two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof.

*State v. Barnes*, 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997) (citation and quotation omitted), *cert. denied*, 522 U.S. 876, 139 L. Ed. 2d 134 (1997), *cert. denied*, 523 U.S. 1024, 140 L. Ed. 2d 473 (1998). "Our Supreme Court has expressly rejected the concept that for a defendant to be convicted of a crime under an acting in concert theory, he must possess the *mens rea* to commit that particular crime." *State v. Bellamy*, 172 N.C. App. 649, 668, 617 S.E.2d 81, 95 (2005) (citations omitted), *disc. review denied, appeal dismissed*, 360 N.C. 290, 628 S.E.2d 384(2006). Under *Barnes*, the crime must be committed "in pursuance of the common purpose . . . or as a natural or probable consequence thereof." *Barnes*, 345 N.C. at 233, 481 S.E.2d at 71. The critical question is whether the crimes committed are a foreseeable outgrowth of the common plan. *Bellamy*, 172 N.C. App. at 668, 617 S.E.2d at 94. "[T]he issue does not turn on the defendant's subjective state of mind, but depends upon whether, under all of the circumstances presented, a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the principal crime." *Id.* at 668, 617 S.E.2d at 94-95 (quotation omitted).

The State's evidence showed that Wilkins forcibly entered the residence with two men carrying guns and with Clagon who was car-

rying an ax and asking "Where's Disherea [Forrest]?" Clearly the four people entered the residence with a common purpose. Based upon the conduct and statements of Clagon upon entering the residence, there was sufficient circumstantial evidence that Clagon's assault on Forrest was in "pursuance of a common purpose . . . or as a natural or probable consequence thereof." *Barnes*, 345 N.C. at 233, 481 S.E.2d at 71. The trial court did not err in denying Wilkins' motion to dismiss.

This argument is without merit.

### III. Jury Instruction

In Wilkins' second argument, she contends that the trial court erred by giving a flawed instruction to the jury regarding the specific intent element of first-degree burglary. We disagree.

### A. Standard of Review

Wilkins failed to object to the jury instructions at trial; therefore, this argument will be reviewed for plain error only. *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). The trial court will only be overturned under plain error review when "the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." *Id.* (quotation omitted). When reviewing the jury instruction for plain error the instruction must be reviewed as a whole, in its entirety. *Id.*

### B. Analysis

[4] Wilkins' contends that the trial court erred when instructing the jury as to the intent element of first-degree burglary. The trial court stated that to satisfy the intent element of first-degree burglary the jury had to find "that at the time of the breaking and entering the defendant intended to commit assault with a deadly weapon, as that charge has previously been defined to you, within the dwelling house." Wilkins contends that the trial court instructed the jury that it could convict her of first-degree burglary based upon an intent to commit assault with a deadly weapon, a misdemeanor, rather than assault with a deadly weapon inflicting serious injury, a felony.

When considered in light of the jury instruction as a whole this did not rise to the level of plain error. The trial court specifically referred back to its prior instructions on assault with a deadly weapon inflicting serious injury. This instruction was as follows:

> The defendants have been charged with assault with a deadly weapon inflicting serious injury. For you to find either or both of

TRIAD WOMEN'S CTR., P.A. v. ROGERS

[207 N.C. App. 353 (2010)]

these defendants guilty of this offense, the State must prove three things beyond a reasonable doubt: first, the defendants assaulted the victim by intentionally striking the victim with a hatchet; second, that the defendants used a deadly weapon. . . . [A]nd, third, that the defendant inflicted serious injury upon the victim.

We further note that in both the preamble and mandate portions of the jury instructions on the offense of first-degree burglary the court referred to intent to commit assault with a deadly weapon inflicting serious injury. When viewed in its entirety, the trial court's instructions to the jury were clear that the underlying felony for the first-degree burglary charge was assault with a deadly weapon inflicting serious injury and not assault with a deadly weapon. The trial court's instructions were not in error, much less plain error.

This argument is without merit.

NO ERROR.

Judges BRYANT and BEASLEY concur.