An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1149

Filed: 5 May 2015

Guilford County, No. 12 CRS 085608-9

STATE OF NORTH CAROLINA,

v.

CHARLES WILSON ROBERTSON, Defendant

Appeal by defendants from judgments entered 30 January 2014 by Judge Tanya T. Wallace in Guilford County Superior Court. Heard in the Court of Appeals 18 March 2015.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Ann W. Matthews, for the State.*

> *Kimberly P. Hoppin, for defendant.*

ELMORE, Judge.

On 16 January 2014, a jury found defendant guilty of first degree burglary, felonious larceny after burglary, and felonious possession of stolen goods. The trial court sentenced defendant to consecutive terms of active imprisonment of 128-166 months for the first degree burglary conviction and 18-31 months for the larceny after burglary conviction. The trial court arrested judgment on defendant's conviction for

felonious possession of stolen goods. After careful consideration, we hold that defendant received a trial free from prejudicial error.

## I. Facts

At approximately 2:00 a.m. on 7 August 2012, on-duty Officers J.C. McIntosh and Sheila Lennox-Spaulding of the Greensboro Police Department were traveling in a patrol vehicle on Martin Luther King Boulevard in Greensboro. While they were driving northbound, the officers observed two males on the sidewalk, walking in tandem not more than one foot from each other, approaching their direction. As their marked vehicle approached the two males, the officers noticed a large, square, flat-appearing object wrapped in a blanket and tucked under the arm of Charles Wilson Robertson (defendant). The other individual, Larry Doggett, carried a book bag. The two men immediately left the sidewalk and began to walk away from the officers. Doggett went behind a bush and reappeared without the bag. Defendant dropped the flat object on the ground, and the officers determined the object to be a television.

The officers exited their vehicle and approached the men. Officer McIntosh asked defendant about the television, and defendant repeatedly denied having any knowledge about its existence. The officers decided to detain both men. Defendant did not obey the officers' commands and appeared to reach for his back pocket while Officer Lennox-Spaulding attempted to handcuff him. For officer safety purposes, Officer McIntosh tackled defendant in order to detain him. A taser and cell phone

fell out of defendant's pocket when he went to the ground. In the backpack carried by Doggett, the officers found two laptop computers and several hats.

Officer B.R. Denny examined the two computers and traced the computers' serial numbers to identify their registered owner. The registered owner was Chauncey Gianni Bennett, whose address was 219 Southside Square, a location within walking distance of where the officers first noticed defendant and Doggett.

At approximately 2:30 a.m., Officer Denny and Sergeant A.H. Hollis went to 219 Southside Square and made contact with the tenant, Barbara Bennett (the victim). The building at 219 Southside Square has a commercial space on the first floor and residential quarters upstairs. There is an entrance and stairway leading to the residence from inside the downstairs commercial space. The building also contains another door and stairway to the residence located on the front exterior of the building, which is accessible from the street and separate from the business. This door is the entrance way used by the victim's family to access her apartment. Her apartment also contains a back door with a stairway leading to a courtyard.

The victim was alone in the apartment when the officers arrived, but her two adult sons, one of whom was Chauncey Bennett, also lived with her. The victim testified at trial that she went to bed and fell asleep between 9:00 - 10:00 p.m. on 6 August. Her two sons were with her in the apartment that evening, but they left at some point after she fell asleep.

When the officers arrived at the victim's apartment building, the victim invited them inside her living space. The officers asked her to search the apartment for any missing items. The victim discovered that items were taken from her apartment without her consent, including two laptops, a blanket, hats, cell phones, and a taser. The officers presented the victim with items that had been retrieved from defendant and Doggett, and she identified each item as belonging to her or her sons.

## II. Analysis

### a.) Motion to Dismiss: First Degree Burglary & Larceny Pursuant to a Burglary

Defendant argues the trial court erred by denying his motion to dismiss the charges of first degree burglary and larceny pursuant to burglary. Specifically, defendant avers the State failed to present sufficient evidence that a "breaking" occurred. Additionally, defendant argues that due to the absence of sufficient evidence of a "breaking," the trial court erred by allowing the State to rely on the doctrine of recent possession to withstand defendant's motion to dismiss. We disagree.

We review a trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). This Court must determine "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Clagon*, 207 N.C. App. 346, 350, 700 S.E.2d 89, 92 (2010) (citation and quotation marks omitted). "In ruling on a motion to dismiss, the trial court must examine the evidence in the light most

favorable to the State, and the State is entitled to every reasonable inference and intendment that can be drawn therefrom." *Id.* (citation and quotation marks omitted).

> The test of the sufficiency is the same whether the evidence is circumstantial or direct, or both: the evidence is sufficient to withstand a motion to dismiss and to take the case to the jury if there is evidence which tends to prove the fact or facts in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture.

*State v. Jones*, 303 N.C. 500, 504, 279 S.E.2d 835, 838 (1981) (citations and quotation marks omitted).

In order to sustain a conviction for the felony charge of first degree burglary, the State must provide substantial evidence that defendant committed "(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) of another (6) which is actually occupied at the time of the offense (7) with the intent to commit a felony therein." *State v. Blyther*, 138 N.C. App. 443, 447, 531 S.E.2d 855, 858 (2000) (citation and quotation marks omitted). A larceny can also constitute a felony if it is committed pursuant to a burglary. N.C. Gen. Stat § 14-72(b)(2) (2013). Thus, a conviction for felony larceny pursuant to a burglary requires sufficient evidence that a "breaking" occurred.

A "breaking" is "any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed." *State v. Cunningham*, 140 N.C. App. 315, 321, 536 S.E.2d 341, 346 (2000) (citation

and quotation marks omitted). "Breaking" can be established by circumstantial evidence that "prior to entry all doors and windows were closed" or "evidence of habit or custom" that the doors and windows were typically closed at the time of entry. *State v. Howell*, 335 N.C. 457, 473, 439 S.E.2d 116, 125 (1994).

Where the evidence is purely circumstantial, the State can rely on the doctrine of recent possession to raise the presumption that the possessor of stolen property is guilty of a breaking and entering as long as "there is sufficient evidence that a building has been broken into and entered[.]" *State v. Maines*, 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981). "When the doctrine of recent possession applies in a particular case, it suffices to repel a motion [to dismiss] and defendant's guilt or innocence becomes a jury question." *Id.*

Because defendant only challenges the sufficiency of the evidence with regard to "breaking," we limit our analysis to a discussion of that element. In the light most favorable to the State, we hold the State presented sufficient circumstantial evidence of a "breaking."

The victim testified the door from the commercial space downstairs that leads to her apartment always stays locked. She further testified that both her front and back doors were closed when she went to sleep and when the police arrived. The victim also stated that it is her usual practice to make sure all the doors leading to her apartment are physically closed, and her sons typically keep the front door shut when they leave the apartment. Moreover, when the officers arrived to her

apartment, she initially opened her window to speak to them. Because the victim testified that the window and all of the doors leading to her apartment were closed and were usually kept shut, and the property in question went missing from her apartment without her consent, the evidence was sufficient to establish that a breaking of her residence occurred while she was asleep by an individual turning the front doorknob and entering the residence. *See State v. Alexander*, 18 N.C. App. 460, 462, 197 S.E.2d 272, 273 (1973) ("The State must present evidence that a breaking occurred, or from which it may reasonably be inferred that the defendant broke into the dwelling. Such proof is usually accomplished by testimony showing that prior to the entry all doors and windows were closed."); *see also State v. Sweezy*, 291 N.C. 366, 383, 230 S.E.2d 524, 535 (1976) ("It is well established that the mere pushing or pulling open of an unlocked door constitutes a breaking."). As such, the trial court did not err by denying defendant's motion to dismiss for insufficient evidence of a "breaking." Because the State presented sufficient evidence of a "breaking," the trial court did not err by allowing the State to rely on the doctrine of recent possession to withstand defendant's motion to dismiss.

## b.) Acting in Concert

Next, defendant argues the trial court's jury instruction on acting in concert was prejudicial error because that theory of guilt was not supported by the evidence. We disagree.

We evaluate a challenge to the trial court's jury instructions under a *de novo* standard of review. *State v. Gabriel*, 207 N.C. App. 440, 443, 700 S.E.2d 127, 129 (2010). In general, a trial court errs by instructing the jury "upon a theory of a defendant's guilt which is not supported by the evidence." *State v. Brown*, 80 N.C. App. 307, 311, 342 S.E.2d 42, 44 (1986). Despite a trial court's error, a defendant in challenging non-constitutional matters carries the burden to establish prejudicial error— "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2013).

Even if we presume *arguendo* that the trial court's jury instruction on acting in concert was not supported by the evidence, defendant has failed to establish prejudicial error. The trial court did not instruct the jury that it could only convict defendant exclusively based on a theory of acting in concert with Doggett. With regard to the burglary charge, the trial court instructed the jury: "[i]f you find from the evidence . . . the defendant . . . ***acting either by himself or together*** with [Doggett]" committed the elements of first-degree burglary, "it would be your duty to return a verdict of guilty[.]" Similarly, the trial court instructed the jury on the larceny charge: "[i]f you find from the evidence . . . the defendant, **acting either by himself or acting together** with [Doggett]," committed the elements of larceny pursuant to a burglary, "it would be your duty to return a verdict of guilty[.]"

(emphasis added).   Thus, the jury was free to convict defendant based on his actions alone.

Had the trial court omitted the acting in concert instruction from the jury's consideration, no reasonable possibility exists that the jury would have acquitted defendant of the burglary and larceny charges.  The relevant evidence shows that defendant was in exclusive possession of identifiable property, including the television, blanket, taser, and cell phone, which were taken from the victim's residence without her permission at night while she was asleep in her home.  Defendant's possession of the stolen property near the victim's home at 2:00 a.m. shortly after the burglary and larceny occurred raised the presumption that defendant was guilty of the larceny and the burglary pursuant to the recent possession doctrine.  The evidence presented at trial relating to Doggett was almost identical but for the property in Doggett's possession.  No additional evidence relating to Doggett was presented to tip the scales in favor of the jury's decision to convict defendant under a theory of acting in concert.  Accordingly, defendant has failed to establish prejudicial error as a result of the trial court's purported erroneous acting in concert instruction.

## c.) Felony Breaking or Entering (N.C. Gen. Stat. § 14-54(a))

Defendant argues the trial court erred by failing to instruct the jury on felony breaking or entering, a lesser-included offense of first degree burglary.  Assuming *arguendo* it was error for the trial court to fail to instruct on the lesser-included

offense, defendant invited any such error. Accordingly, we dismiss this argument on appeal.

Pursuant to N.C. Gen. Stat. § 15A–1443(c) (2013), "[a] defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct." Thus, "a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error[.]" *State v. Spence*, __ N.C. App. __, __, 764 S.E.2d 670, 677 (2014) (citation and quotation marks omitted).

Here, defendant's attorney specifically objected to the instruction on the lesser-included offense of felonious breaking or entering:

> THE COURT: [N]o one's asking the charge on felonious breaking or entering as a lesser included of the first degree burglary.
>
> PROSECUTOR: I guess to be safe then, Your Honor, I would ask for that.
>
> DEFENSE ATTORNEY: And, Your Honor, we would object to that.
>
> THE COURT: All right. You'd asked for the first degree burglary and the felonious breaking or entering as a lesser included.
>
> PROSECUTOR: Yes.

Despite the State's request that the trial court instruct the jury on felony breaking or entering, defendant's attorney specifically opposed such an instruction. As such, defendant cannot argue on appeal that he was prejudiced by the trial court's decision

not to include an instruction on the lesser-included offense of felony breaking or entering when he specifically sought such an outcome at trial. *See State v. Hope*, __ N.C. App. __, __, 737 S.E.2d 108, 113 (2012) (holding the defendant waived his right to appellate review of a purported erroneous jury instruction when "defendant invited the [error] . . . by objecting to the correct instruction, requesting the incorrect instruction, and by choosing to forgo . . . [the] instruction when given the option"). Accordingly, we dismiss this argument on appeal.

## d.) Ineffective Assistance of Counsel

In anticipation that we might rule defendant invited error with regard to the previous issue, defendant contends his trial counsel's failure to concur with the State's request for an instruction on felony breaking or entering amounted to ineffective assistance of counsel. We disagree.

"The accepted practice is to raise claims of ineffective assistance of counsel in post-conviction proceedings, rather than direct appeal." *State v. Dockery*, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985). Should this Court rule that an ineffective assistance of counsel claim has been brought prematurely by a direct appeal, we shall dismiss the claim "without prejudice to the defendant's rights to reassert [the claim] during a subsequent MAR proceeding." *State v. Stroud*, 147 N.C. App. 549, 554, 557 S.E.2d 544, 547 (2001) (citation and quotation marks omitted).

Although defendant raises questions regarding his trial counsel's handling of the lesser-included jury instruction, we are unable to find ineffective assistance of

counsel *per se* from the face of the record.  As such, defendant prematurely asserted his ineffective assistance of counsel claim by requesting we review this issue directly on appeal.  Thus, we dismiss defendant's claim without prejudice to his right to file appropriate motions in the trial court.  *See State v. Ware,* 125 N.C. App. 695, 697, 482 S.E.2d 14, 16 (1997) (dismissing the defendant's appeal where the issues could not be determined from the record and concluding that "[t]o properly advance these arguments, defendant must move for appropriate relief pursuant to G.S. 15A-1415[ ] and G.S. 15A–1420[ ]").

### III. Conclusion

In sum, the trial court did not err by denying defendant's motion to dismiss the burglary and larceny charges.  Even if the trial court erred by providing the jury with the acting in concert instruction, any such error was non-prejudicial.  Additionally, defendant invited any purported error arising from the trial court's failure to instruct on the lesser-included offense of felony breaking or entering.   Finally, we dismiss defendant's premature ineffective assistance of counsel claim without prejudice.

No prejudicial error.

Judges GEER and INMAN  concur.

Report per Rule 30(e).