IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-151

Filed: 18 February 2020

Henderson County, No. 17CRS52478

STATE OF NORTH CAROLINA

v.

SAMUEL NATHANIEL ANGRAM, III, Defendant.

Appeal by defendant from judgment entered on or about 28 September 2018 by Judge R. Gregory Horne in Superior Court, Henderson County. Heard in the Court of Appeals 30 October 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Rajeev K. Premakumar, for the State.*

*Mark Hayes, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his conviction for robbery with a dangerous weapon. Because the State failed to present substantial evidence of each element of aiding and abetting the commission of the robbery with a dangerous weapon by defendant's brother, Michael Angram, the trial court should have granted defendant's motion to dismiss. We therefore reverse.

I.      Background

The State's evidence tended to show that on 11 May 2017, Mr. Marvin Price went to Mountain Credit Union to close his account which contained approximately

$25,000. Mr. Price received about $24,000 in cash and put about $300-400 in his wallet; the rest of the money was in an envelope. At least four employees were working in the credit union when Mr. Price withdrew his money.

When Mr. Price arrived home, he began to get out of his car and was robbed at gunpoint. The robber asked Mr. Price, "where is the 25,000[,]" and Mr. Price claimed he had taken it to another bank although he had not. Ultimately the robber only took Mr. Price's wallet and did not find the envelope. Mr. Price saw no one with the robber and did not see a vehicle the robber used to get to or leave his home. Mr. Michael Angram, defendant's brother, was convicted of robbing Mr. Price with a dangerous weapon.

One credit union employee, Ms. Robinson, had a child with defendant, Michael's brother. The State jointly tried both defendant and Ms. Robinson for charges of conspiracy to commit robbery with a dangerous weapon and robbery with a dangerous weapon. The jury was instructed on aiding and abetting as to the robbery charge, and both were convicted of robbery with a dangerous weapon. Both were acquitted of the charge of conspiracy to commit robbery with a dangerous weapon. Both defendant and Ms. Robinson appealed, but this opinion addresses only defendant's appeal.

II.     Motion to Dismiss

Defendant argues that the trial court should have allowed his motion to dismiss due to the insufficiency of the evidence.

> The standard of review on a motion to dismiss is whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.
>> Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment that can be drawn therefrom.

*State v. Clagon*, 207 N.C. App. 346, 350, 700 S.E.2d 89, 92 (2010) (citations and quotation marks omitted).

> Our courts have held that the essential elements of the crime of robbery with a dangerous weapon are: (1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means; and (3) danger or threat to the life of the victim.

*State v. Van Trusell*, 170 N.C. App. 33, 37, 612 S.E.2d 195, 198 (2005) (citation, quotation marks, and italics omitted).

Defendant was charged, but not convicted, with conspiracy to commit robbery with a dangerous weapon based upon an alleged conspiracy with Michael and Ms. Robinson. Defendant was convicted of robbery with a dangerous weapon based upon

a theory of aiding and abetting the robbery by Michael.   The trial court instructed

the jury regarding the theory of aiding and abetting:

> The second count that the State must prove beyond
> a reasonable doubt as to this charge is that the defendant
> knowingly advised, instigated, encouraged, procured or
> aided the other person to commit that crime.
> And, third, that the defendant's action or statements
> caused or contributed to the commission of the crime by
> that other person.

Defendant argues the State presented no substantive evidence he participated

in the robbery or that he "knowingly advised, instigated, encouraged, procured, or

aided" Michael in committing the robbery.  Defendant notes there are two theories

upon which the State alleges defendant aided Michael:  "through some kind of

communication – by telling him about the money, or if Ms. Robinson told Michael

about the money, then by encouraging Michael to rob Mr. Price" or "by driving him

to or from Mr. Price's house."  Defendant contends the State failed to present any

substantive evidence of either theory of aiding and abetting and also failed to present

sufficient evidence to support a valid inference of either theory.

Defendant begins his argument by focusing on testimony by Detective Aaron

Lisenbee regarding his interview of Michael. The State called Michael as a witness.

Michael had previously been convicted of the robbery, but at defendant's trial, he

testified he did not remember anything about the robbery and did not know why he

was convicted of robbing Mr. Price.  Michael did not testify to anything incriminating

as to defendant or Ms. Robinson. The State then called Detective Lisenbee to testify about his interview of Michael during his investigation of the robbery. The interview was videotaped but the recording was not in evidence.

The State had Detective Lisenbee testify, over defendant's objections, to the contradictions between Michael's trial testimony – which was minimal as he claimed not to remember anything – and what he had said during the interview. In responding to defendant's objections, the State emphasized it was not offering Detective Lisenbee's testimony about Michael's statements as substantive evidence: "It is solely being offered to show that Michael Angram is not telling the truth to the jury . . . . We are not trying to get it in as substantive."

All of Detective Lisenbee's testimony regarding the interview with Michael was entered only for impeachment purposes and not as substantive evidence. In summary, the evidence admitted *only for purposes of impeachment* was that defendant told him about the $25,000 bank withdrawal and drove Michael to Mr. Price's home. The trial court gave the jury a limiting instruction noting that the detective's statements could only be considered for purposes of Michael's credibility and not "as evidence of the truth of what was said[;]" in other words, the testimony was not substantive evidence.

In its brief, the State does not seek to use Detective Lisenbee's testimony as part of its summary of evidence against defendant, as is appropriate since the

testimony was not substantive evidence and cannot be used to prove the truth of any facts asserted. *See generally State v. Alston*, 131 N.C. App. 514, 517, 508 S.E.2d 315, 317 (1998) (noting that hearsay evidence admitted only as to state of mind was not to be used as substantive evidence).[1] Thus, we will address only the substantive evidence presented by the State for purposes of considering whether defendant's motion to dismiss should have been allowed. Here, the State's substantive evidence regarding defendant's involvement in the robbery of Mr. Price was that defendant was Michael's brother and that while Mr. Price was in the credit union, Ms. Robinson, one of the four employees on duty, spoke to defendant. The evidence also shows that *all* of the employees used their cell phones while Mr. Price was in the credit union, and all were questioned by law enforcement officers.

One employee, Ms. Heather Highland, assisted Mr. Price. One employee, Ms. Melissa Cameron was in the process of purchasing a new vehicle with a loan. Ms. Cameron testified that she expressed concern to Ms. Highland by saying, "What if he were to get robbed?" Another employee, Ms. Charne Tucker, was a childhood friend of Michael, but she denied having Michael's phone number. A third employee, Kristen Walker, did not testify. Another employee, Ms. Robinson, acknowledged speaking with defendant, her child's father, on the phone, while Mr. Price was in the

---

[1] A portion of *State v. Alston*, 131 N.C. App. 514, 508 S.E.2d 315, was superseded on other grounds by North Carolina General Statute § 14-415.1 (2019) regarding possession of firearms: "*Alston* is super[s]eded by the current language of N.C. Gen. Stat. § 14–415.1 which contains no time bar for this charge." *State v. Gaither*, 161 N.C. App. 96, 103, 587 S.E.2d 505, 510 (2003).

credit union. Detective Lisenbee wanted to examine Ms. Robinson's phone and obtained a search warrant for the phone, but according to Detective Lisenbee they did not extract anything of "evidentiary value" from Ms. Robinson's phone.

To be clear, from our reading of the transcript it is not in evidence that Ms. Robinson *initiated* the phone call to defendant though that is the inference the State would like us to make. Ms. Robinson acknowledged she "talked" to defendant but Detective Lisenbee's testimony does not clarify whether Ms. Robinson called defendant or he happened to call her while Mr. Price was in the credit union. When questioned on redirect Detective Lisenbee could not confirm Ms. Robinson's acknowledgement to him she had spoken with defendant during the relevant time,

> Q. Detective Lisenbee, Mr. Edney asked you if you knew -- how you knew whether Christina Robinson talked to Samuel Angram that day.
>
> A. Correct.
>
> Q. How do you know that?
>
> A. She told me.
>
> Q. And what exactly did Christina Robinson tell you?
>
> A. That she talked to . . . [defendant] on the phone while Mr. Price was in the bank.
>
> Q. And he asked you if you were able to confirm that information. Were you?
>
> A. No.

> Q.      Were you able to confirm it through the phone records?
>
> A.      I was not.
>
> Q.      Were you able to confirm it through anybody else?
>
> A.      No.

When questioned on cross-examination about retrieving data from any of the other employee's phones Detective Lisenbee was asked, "But you never even tried?" to which he responded: "We did not see a need to try."

The State contends that based only upon the relationship between Ms. Robinson, defendant, and Michael, and the fact that Ms. Robinson spoke to defendant while Mr. Price was in the bank,

> [a] reasonable jury could conclude that Christian Robinson, upon learning of Mr. Price's withdrawal of nearly $25,000 in cash, obtained his address from the driver's license photocopy in the employee workstation directly next to her's, left her employee workstation to call the defendant to inform him of this situation, that the defendant then communicated with his brother, with whom he is close, to inform and encourage his brother . . . to rob Mr. Price at gunpoint.

Although circumstantial evidence may be sufficient to prove a crime, pure speculation is not, and the State's argument is based upon speculation. *See generally State v. Weston*, 197 N.C. 25, 29, 147 S.E. 618, 621 (1929).

> [W]hen the essential fact in controversy in the trial of a

criminal action can be established only by an inference from other facts, there must be evidence tending to establish these facts. Evidence which leaves the facts from which the inference as to the essential fact must be made a matter of conjecture and speculation, is not sufficient, and should not be submitted to the jury.

*Id.*    Without the information in Detective Lisenbee's testimony which was not admitted for substantive purposes, there is not substantial evidence to support defendant's conviction of aiding and abetting robbery with a dangerous weapon. Detective Lisenbee's testimony, admitted only for the purpose of impeachment, about Michael's communication with defendant and defendant's driving him to Mr. Price's home cannot be used to prove that defendant aided and abetted robbery with a dangerous weapon.

According to the State a "reasonable" juror could infer from the evidence that Ms. Robinson obtained Mr. Price's address from his drivers license, although she was not the employee assisting him; Ms. Robinson then called and informed defendant of Mr. Price's address and withdrawal of funds; defendant then contacted Michael and encouraged him to rob Mr. Price. The State's argument requires not just one but at least three layers of inference built *solely* on knowledge of Mr. Price's transaction and Ms. Robinson's phone call with the father of her child. The trial court should have granted defendant's motion to dismiss due to the insufficiency of the evidence. Because we must reverse the judgment, we need not address defendant's other issue on appeal.

III.    Conclusion

Because the State failed to present substantial evidence that defendant aided or abetted Michael in committing the armed robbery of Mr. Price, the trial court should have granted defendant's motion to dismiss.  We therefore reverse.

REVERSED.

Judges ZACHARY and MURPHY concur.