IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-847

No. COA22-354

Filed 20 December 2022

Currituck County, Nos. 19CRS320-39, 19CRS50693-94

STATE OF NORTH CAROLINA

v.

KEVIN MARCELL SCARBORO

Appeal by Defendant from judgment entered 10 September 2021 by Judge Wayland J. Sermons, Jr., in Currituck County Superior Court. Heard in the Court of Appeals 30 November 2022.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Mary L. Lucasse, for the State-Appellee.*

> *Mark Montgomery for Defendant-Appellant.*

COLLINS, Judge.

¶ 1       Defendant Kevin Marcell Scarboro appeals from judgment entered upon jury verdicts of guilty of the following: five counts of second-degree rape, one count of statutory rape of a child by an adult, three counts of statutory sexual offense with a child by an adult, two counts of statutory rape of a child 15 years or younger, three counts of statutory sexual offense with a child 15 years or younger, fourteen counts of sexual activity by a substitute parent, and sixteen counts of indecent liberties with

a child. This appeal only involves Defendant's convictions for statutory sexual offense with a child by an adult and statutory sexual offense with a child 15 years or younger with two of three victims. Defendant argues that the trial court erroneously defined sexual act in its jury instructions which allowed the jury to convict Defendant of sexual offenses not supported by the evidence. Although Defendant has failed to properly preserve this issue for appellate review, we elect in our discretion under Rule 2 of the North Carolina Rules of Appellate Procedure to review the issue and conclude that the trial court did not plainly err in its jury instruction defining sexual act.

## I.     Procedural History and Factual Background

¶ 2         Defendant was indicted for multiple counts of second-degree rape, statutory rape of a child by an adult, statutory sexual offense with a child by an adult, statutory rape of a child 15 years or younger, statutory sexual offense with a child 15 years or younger, sexual activity by a substitute parent, and indecent liberties with a child. The case proceeded to trial, and the evidence tended to show the following: R.P., K.P., and M.P.[1] were Defendant's stepchildren. R.P. testified that, beginning when she was approximately ten years old, Defendant began regularly touching her vagina with his hands and mouth, and he would also touch his penis to her buttocks while rocking back and forth. K.P. testified that, beginning when she was approximately

---

[1] Pseudonyms are used to protect the identity of the child victims.

eight years old, Defendant began touching her vagina, and it became "almost an everyday occurrence" that Defendant would use his fingers, mouth, or sex toys on her vagina. At one point, Defendant also had sexual intercourse with K.P. M.P. testified that it was "pretty much a daily occurrence" for Defendant to touch her vagina with his hands and his mouth, and, after taking her virginity at fifteen years old, it "ended up progressing to an almost daily occurrence" for Defendant to have sexual intercourse with her. The jury was shown video recordings of two interviews Defendant gave after his arrest, during which he described what he did with R.P. and K.P. as "touching, pointing out, showing them, licking." Defendant said that he would "show" R.P. with his hand because she would get tired of using hers, and that he tried using his mouth on her, but she said she liked the hand better. Defendant admitted that this happened with R.P. around ten times over the course of a few months and said that the last time he had sexual contact with M.P. was the week that he got arrested. Defendant ended his first interview by stating that "[w]hatever my girls told you, man . . . I would never contradict my girls. They don't lie."

¶ 3        During the jury charge conference, Defendant did not object to the trial court's proposed jury instructions, nor did he request any additional instructions. Likewise, after jury instructions were given but before the jury began deliberating, the trial court asked Defendant whether there were any additions or corrections to the jury charge and Defendant responded, "No, Your Honor." The jury convicted Defendant

on all charges, and Defendant was sentenced to multiple extensive consecutive prison terms. Defendant timely appealed.

## II. Discussion

¶ 4 Defendant contends that "[t]he trial court erred in instructing the jury that it could convict [Defendant] of sexual offense against R.P. and M.P. based on acts not supported by the evidence" by defining sexual act to include penetration, cunnilingus, or fellatio where there was no evidence of fellatio or vaginal penetration as to R.P. and no evidence of fellatio as to M.P. (capitalization altered).

¶ 5 Our appellate rules make clear that "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion[.]" N.C. R. App. P. 10(a)(1) (2021). Moreover, "[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires to consider its verdict . . . ." N.C. R. App. 10(a)(2) (2021). Where a defendant properly objects at trial to jury instructions, a defendant's arguments "challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009) (citations omitted). "[A]n error in jury instructions is prejudicial and requires a new trial only if 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been

reached at the trial out of which the appeal arises.'" *State v. Castaneda*, 196 N.C. App. 109, 116, 674 S.E.2d 707, 712 (2009) (quoting N.C. Gen. Stat. § 15A-1443(a)).

¶ 6        Unpreserved issues relating to jury instructions in criminal cases may nevertheless be reviewed for plain error where "the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4) (2021).

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (quotation marks and citations omitted). Where a defendant fails to specifically and distinctly contend that the jury instruction amounted to plain error, he is not entitled to appellate review under this rule. *State v. Smith*, 269 N.C. App. 100, 105, 837 S.E.2d 166, 169 (2019) (citation omitted).

¶ 7        In this case, Defendant did not object at trial to the jury instruction he now challenges. Furthermore, Defendant fails to "specifically and distinctly" contend that the jury instruction amounted to plain error. N.C. R. App. P. 10(a)(4). Defendant

asserts that the standard of review is, in its entirety, as follows: "Arguments challenging a trial court's decision regarding jury instructions are reviewed *de novo*. *State v. Osorio*, 196 N.C. App. 458, 466 (2019)." Defendant's standard of review is incomplete and incorrect, and Defendant fails to assert the plain error standard anywhere in his brief.

¶ 8        In the last paragraph of his argument, Defendant asserts,

> The jury was out for only 34 minutes. It returned to the courtroom with 44 guilty verdicts. It is beyond belief that it "deliberated" and reached unanimity on each of those 44 charges in that time. It is *probable* that, had it been required to be unanimous as to each verdict, it would not have been able to. Even under the traditional plain error standard, the convictions of [Defendant] for sexual offense as to R.P. and M.P. must be vacated.

(emphasis added). Yet, in his conclusion immediately following, Defendant asserts error under the preserved standard: "There is a *reasonable likelihood* that [Defendant] was convicted of at least three counts of first-degree sexual offense based on sex acts not in evidence. Even under the recently adopted plain error standard, those convictions should be set aside." (emphasis added).

¶ 9        While Defendant includes the term "plain error" at the end of his brief, Defendant fails to assert that the standard of review is plain error and ultimately fails to apply the plain error standard. Accordingly, Defendant's argument is not properly before this Court. *State v. Grooms*, 353 N.C. 50, 66, 540 S.E.2d 713, 723

(2000) ("[W]hile defendant's assignment of error includes plain error as an alternative, he does not specifically argue in his brief that there is plain error in the instant case. Accordingly, defendant's argument is not properly before this Court."). Nonetheless, we elect in our discretion under Rule 2 of the North Carolina Rules of Appellate Procedure to review the issue.

¶ 10    Defendant's sole argument on appeal is that "[t]he trial court erred in instructing the jury that it could convict [Defendant] of sexual offense against R.P. and M.P. based on acts not supported by the evidence." (capitalization altered). Specifically, Defendant argues that the trial court allowed for nonunanimous verdicts by "not requiring the jury to set out the three specific acts it unanimously found that [Defendant] committed as to each complainant," and because of this, "there is no way to determine whether one or more jurors convicted [Defendant]" of acts "not supported by the evidence."

¶ 11    A defendant is guilty of statutory sexual offense with a child by an adult and statutory sexual offense with a person who is 15 years of age or younger if certain statutory age requirements are met and the defendant engages in a "sexual act" with the victim. *See* N.C. Gen. Stat. § 14-27.28 (2018); N.C. Gen. Stat. § 14-27.30 (2018). The term "sexual act" is defined by statute as: "Cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the

penetration, however slight, by any object into the genital or anal opening of another person's body." N.C. Gen. Stat. § 14-27.20(4) (2018).

¶ 12        "The statutory definition of 'sexual act' does not create disparate offenses, rather it enumerates the methods by which the single wrong of engaging in a sexual act with a child may be shown." *State v. Petty*, 132 N.C. App. 453, 462, 512 S.E.2d 428, 434 (1999). Where the trial court instructs the jury disjunctively as to various alternative acts which will establish an element of the offense, the requirement of unanimity is satisfied. *State v. Walters*, 368 N.C. 749, 753, 782 S.E.2d 505, 507-08 (2016). "In this type of case, the focus is on the intent or purpose of the defendant instead of his conduct." *Id*. at 753-54, 782 S.E.2d at 508 (quoting *State v. Bell*, 359 N.C. 1, 30, 603 S.E.2d 93, 113 (2004)).

¶ 13        However, "a trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial." *State v. Cameron*, 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973) (citations omitted). "When reviewing the jury instruction for plain error the instruction must be reviewed as a whole, in its entirety." *State v. Clagon*, 207 N.C. App. 346, 352, 700 S.E.2d 89, 93 (2010) (citation omitted). Where the trial court instructs the jury disjunctively as to various alternative acts which will establish an element of the offense, but one or more of those acts is not supported by the evidence, it is not per se plain error. *See State v. Boyd*, 366 N.C. 548, 742 S.E.2d 798 (2013) (reversing per curiam for the reasons

stated in 222 N.C. App. 160, 167-68, 730 S.E.2d 193, 198 (2012) (Stroud, J., dissenting)). "Rather, under *Boyd*, a reviewing court is to determine whether a disjunctive jury instruction constituted reversible error, without being required in every case to assume that the jury relied on the inappropriate [act]." *State v. Martinez*, 253 N.C. App. 574, 582, 801 S.E.2d 356, 361 (2017)[2] (concluding that the defendant "failed to meet his burden of showing that the trial court's inclusion of 'analingus' in the jury instruction had any *probable* impact on the jury's verdict[,]" because the victim "was clear in her testimony regarding the occasions where fellatio and anal intercourse had occurred").

¶ 14     In this case, the trial court instructed the jury,

> As you know, the defendant is charged with multiple offenses which involve three alleged victims. He is also charged with the same offense against all three alleged victims and as well charged with different offenses against the alleged victims. You will consider each offense separately.
>
> For the purpose of instruction to you on these offenses, the Court will provide the file numbers and count numbers used on the verdict sheets that apply to the alleged victims. In addition, the verdict sheets are grouped according to each defendant (sic), in three separate groups with their initials under the file numbers on the verdict sheets. Again, you will for all offenses consider the evidence separately, consider those offenses separately from the

---

[2] Defendant asks this Court to reconsider *Martinez*. We may not do so. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

others.

. . . .

You must be unanimous in your decision. All 12 jurors
must agree.

Then, consistent with the statute and pattern jury instructions, the trial court
instructed the jury, in relevant part, that

> [a] sexual act means any penetration, however slight, by
> any object into the genital opening of a person's body. A
> sexual act means cunnilingus, which is any touching,
> however slight, by the lips or tongue of one person to any
> part of the female sex organ of another, or fellatio, which is
> any touching by the lips or tongue of one person on the male
> sex organ o[f] another, or any penetration, however slight,
> by an object into the genital opening of a person's body.

The trial court instructed the jury that it could find Defendant guilty of statutory
sexual offense with a child by an adult and statutory sexual offense with a child 15
years or younger if, in addition to the other required elements, it found that
Defendant had engaged in either penetration, cunnilingus, or fellatio with the
victims. The jury was not required to make specific findings regarding which sexual
acts Defendant committed, *State v. Carrigan*, 161 N.C. App. 256, 263, 589 S.E.2d 134,
139 (2003), and the trial court's instruction satisfied the unanimity requirement.
*Walters*, 368 N.C. at 753, 782 S.E.2d at 508.

¶ 15   Even assuming arguendo that the jury instructions included an act or acts not
supported by the evidence, Defendant has failed to meet his burden of showing that
the inclusion of "fellatio" as to R.P. and M.P., and the inclusion of "vaginal

penetration" as to R.P., had a probable impact on the jury's finding that Defendant was guilty.

¶ 16        R.P. testified that Defendant "would take off my underwear and shorts . . . [and] touch me with his hands and mouth." R.P. testified that after the first time Defendant used his mouth on her vagina, it happened "[a] few more times[.]" R.P. also testified that Defendant began touching her vagina with his hand "like everyday of the week." M.P. testified that it was "pretty much a daily occurrence" for Defendant to touch the inside and outside of her genitals with his hands and mouth. In his interview, Defendant classified what happened with R.P. and K.P. as "touching, pointing out, showing them, licking[,]" and admitted that this happened with R.P. around ten times over a period of a few months. Defendant also stated that he had sexual encounters with M.P., which continued until the week he was arrested. Defendant was charged with only three counts of statutory sexual offense with a child by an adult and three counts of statutory sexual offense with a child 15 years or younger despite the uncontroverted evidence that these acts occurred far more often. Given the overwhelming evidence that Defendant routinely committed sexual acts upon R.P. and M.P., and considering the jury instruction as a whole, *Clagon*, 207 N.C. App. at 352, 700 S.E.2d at 93, Defendant has failed to show that the trial court's instruction on the definition of sexual act had a probable impact on the jury's finding that Defendant was guilty of statutory sexual offense with a child by an adult and

statutory sexual offense with a person who is 15 years of age or younger.  Thus, the trial court did not plainly err.  *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334.

### III.    Conclusion

The trial court did not err by including disjunctive acts in its definition of sexual act, and the jury was not required to make specific findings regarding which sexual acts Defendant committed.  Even assuming arguendo that the jury instructions included acts not supported by the evidence, Defendant has failed to show prejudice.  Accordingly, we discern no plain error in the trial court's jury instruction defining sexual act.

NO PLAIN ERROR.

Judges ARROWOOD and JACKSON concur.